IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPVION, INC. RETIREMENT SAVINGS AND EMPLOYEE STOCK OWNERSHIP PLAN, BY AND THROUGH GRANT LYON IN HIS CAPACITY AS THE ESOP ADMINISTRATIVE COMMITTEE OF APPVION, INC., <br><br> Plaintiff, <br> v. <br><br> DOUGLAS P. BUTH, *et al.*, <br><br> Defendants. | Case No.: 1:18-cv-01861-WCG |

## ARGENT TRUST COMPANY'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Argent Trust Company moves the Court to dismiss the following claims against Argent for failure to state a claim upon which relief may be granted. In addition, Argent moves the Court to dismiss Count VI of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because that claim does not present a justiciable controversy.

1. Count I's duty of loyalty claim fails because there is no allegation Argent placed its own interests ahead of the ESOP or its participants. The duty to monitor claim in Count I fails because Argent was not the appointing fiduciary and therefore had no such duty, and because there has been no underlying ERISA breach of duty. The claim in Count I that Argent failed to follow ESOP documents fails because the Amended Complaint does not identify any ESOP document provision allegedly not followed. And Count I's duty of prudence claim fails because the Amended Complaint lacks allegations critical of Argent's fiduciary process for reviewing the methodologies and conclusions of its professional valuation, legal and other advisors.

2. The prohibited transaction claim in Count IV fails because the Amended Complaint does not allege a transaction with a party in interest involving any assets of the plan—as required by statute—and where there is no allegation that Argent caused a prohibited transaction.

3. The allegedly improper indemnification claim in Count VI fails because Argent has not sought indemnification from the Company—and therefore there is no live controversy before the Court—and because the indemnification language in Argent's engagement letter

does not excuse it from breach of fiduciary duty and is therefore enforceable.

4. The co-fiduciary liability claim in Count VII fails because Plaintiff does not allege underlying breaches by other fiduciaries and because Argent is not alleged to have had actual knowledge of these breaches.

5. The federal securities claims in Count XIV fail because misrepresentations are not stated with particularity and because Argent had nothing to gain from the alleged fraud and therefore the allegations do not give rise to a compelling inference of scienter.

6. Finally, the state securities claims in Count XIII fail because the misrepresentations are not stated with particularity, because the PDC stock is not a covered security under Wisconsin law, and because such claims are preempted by ERISA.

The bases supporting the relief requested in this motion to dismiss are more fully set forth in a memorandum of law filed contemporaneously with this motion.

Dated: February 28, 2019

By: : */s/ William P. McKinley*
William P. McKinley SBN # 1072959
MENN LAW FIRM, LTD.
2501 E. Enterprise Ave.
Appleton, Wisconsin 54912
Email: William-Mckinley@mennlaw.com
Tel: (920) 731-6631
Fax (920) 560 4757

-and-

By: */s/ Michael L. Scheier*
Michael L. Scheier
Brian P. Muething
Jacob D. Rhode
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
Email: mscheier@kmklaw.com
          bmuething@kmklaw.com
          jrhode@kmklaw.com
Tel: (513) 579-6400
Fax: (513) 579-6457

*Counsel for Argent Trust Company*

# **CERTIFICATE OF SERVICE**

      I certify that on February 28, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                      */s/ Michael L. Scheier*