**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| APPVION, INC. RETIREMENT SAVINGS | ) | |
| AND EMPLOYEE STOCK OWNERSHIP | ) | |
| PLAN, BY AND THROUGH GRANT LYON | ) | |
| IN HIS CAPACITY AS THE ESOP | ) | |
| ADMINISTRATIVE COMMITTEE OF | ) | |
| APPVION, INC., | ) | |
| | ) | Case No.: 1:18-cv-01861-WCG |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS P. BUTH, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**ARGENT TRUST COMPANY'S MOTION TO DISMISS**

# Table of Contents

I.      Introduction .................................................................................................................... 1

II.     The Legal Standard Under Rule 12(b)(6) ...................................................................... 2

III.    Argument ....................................................................................................................... 3

        A.      Plaintiff Fails to State a Claim against Argent in Count I for Breach of
                Fiduciary Duties Under ERISA Section 404 ........................................................ 4

                1.      Count I Fails to State a Plausible Claim Against Argent for Breach
                        of the Duty of Loyalty4

                2.      Count I Fails to State a Claim Against Argent for Failure to Follow
                        the Plan Documents ................................................................................... 6

                3.      Count I Fails to State a Claim for Breach of the Duty to Monitor ............. 7

                4.      Count I Fails to State a Plausible Claim Against Argent for Breach
                        of the Duty of Prudence ........................................................................... 10

        B.      Count IV Fails to State a Prohibited Transaction Claim Against Argent
                Under ERISA § 406(a)(1)(D) .............................................................................. 12

                1.      The Complaint Fails to Allege that the Type of Transaction
                        Prohibited By ERISA Section 406(a)(1)(D) Even Occurred .................... 12

                2.      The Complaint Does Not Allege that Argent Caused the Plan to
                        Engage in a Prohibited Transaction ......................................................... 13

        C.      The Declaratory Judgment Claim in Count VI Should be Dismissed ................. 14

        D.      Count VII Fails to State a Co-Fiduciary Liability Against Argent Under
                ERISA § 405 ...................................................................................................... 18

        E.      Count XIV Fails to State a Federal Securities Claim Against Argent ................. 20

                1.      Pleading Standard Applicable to Federal Securities Claims .................... 20

                2.      Plaintiff Fails to Allege Misrepresentations With Particularity ............... 21

                3.      Plaintiff Fails to Adequately Allege Scienter ......................................... 24

        F.      Count XIII Fails to State a Wisconsin Securities Claim Against Argent ............. 26

IV.     Conclusion ................................................................................................................... 28

i

## Table of Authorities

**CASES**

*Aetna Health Inc. v. Davila*,
   542 U.S. 200 (2004) ............................................................................................ 27

*Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*,
   499 F.3d 663 (7th Cir. 2007) ................................................................................ 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................2, 3, 9

*Bacon v. Steifel Labs*,
   677 F. Supp. 2d 1331 (S.D. Fla. 2010) ............................................................ 27-28

*Bank of Am., N.A. v. Knight*,
   725 F.3d 815 (7th Cir. 2013) ............................................................................ 3, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 2, 3, 9

*Chesemore v. Alliance Holdings, Inc.*,
   886 F. Supp. 2d 1007 (W.D. Wis. 2012) ............................................................ 5, 8

*Cornielsen v. Infinium Capital Mgmt., LLC*,
   No. 17-2583, 2019 U.S. App. LEXIS 4358 (7th Cir. Feb. 13, 2019) .............. 2, 20, 21, 23, 24

*Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*,
   770 F.3d 586 (7th Cir. 2014) .............................................................................. 15

*DeBruyne v. Equitable Life Assurance Soc'y of the United States*,
   920 F.2d 457 (7th Cir. 1990) .............................................................................. 10

*Deveraux v. City of Chicago*,
   14 F.3d 328 (7th Cir. 1994) ................................................................................ 15

*DiLeo v. Ernst & Young*,
   901 F.2d 624 (7th Cir. 1990) .............................................................................. 26

*Duhart v. United States Postal Serv.*,
   No. 17-cv-192, 2017 U.S. Dist. LEXIS 88056 (E.D. Wis. June 8, 2017) .............................. 5

*Ellis v. Rycenga Homes, Inc.*,
   484 F. Supp. 2d 694 (W.D. Mich. 2007) ............................................................ 18

*Fifth Third Bancorp v. Dudenhoeffer*,
   573 U.S. 409 (2014) ............................................................................................ 10

*Fish v. Greatbanc Tr. Co.*,

Case 1:18-cv-01861-WCG   Filed 02/28/19   Page 3 of 35   Document 102

No. 09-cv-1668, 2016 U.S. Dist. LEXIS 137351 (N.D. Ill. Sep. 1, 2016) .............. 7, 8, 10, 11

*Gray v. Briggs*,
    45 F. Supp. 2d 316 (S.D.N.Y. 1999) ................................................................... 6-7

*Harris v. Greatbanc Tr. Co.*,
    No. 12-cv-1648, 2013 U.S. Dist. LEXIS 43888 (C.D. Cal. Mar. 15, 2013) ......................... 17

*Hecker v. Deere & Co.*,
    556 F.3d 575 (7th Cir. 2009) ................................................................................. 8

*Howell v. Motorola, Inc*., 633 F.3d 552, 573 (7th Cir. 2011),
    633 F.3d ........................................................................................................... 7

*Iddir v. INS*,
    301 F.3d 492 (7th Cir. 2002) ............................................................................... 15

*In re BP ERISA Litig.*,
    No. 4:10-cv-4214, 2015 U.S. Dist. LEXIS 147819 (S.D. Tex. Oct. 30, 2015) ....................... 9

*In re Harley Davidson, Inc. Sec. Litig.*,
    660 F. Supp. 2d 953 (E.D. Wis. 2009) ..................................................................... 9

*Iron Workers Local No. 25 Pension Fund v. Oshkosh Corp.*,
    No. 08-cv-797, 2010 U.S. Dist. LEXIS 30693 (E.D. Wis. Mar. 30, 2010) .............. 22, 23, 25

*Keach v. United States Trust Co.*,
    240 F. Supp. 2d 840 (C.D. Ill. 2002) ..................................................................... 18

*Keach v. United States Trust Co.*,
    419 F.3d 626 (7th Cir. 2005) .......................................................................... 10, 11

*Leigh v. Engle*,
    727 F.2d 113 (7th Cir. 1984) ................................................................................. 5

*Lockheed Corp. v. Spink*,
    517 U.S. 882 (1996) .......................................................................................... 14

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) .......................................................................................... 15

*Milwaukee Gun Club v. Schulz*,
    979 F.2d 1252 (7th Cir. 1992) .......................................................................... 12, 27

*Packer Eng'g, Inc. v. Kratville*,
    965 F.2d 174 (7th Cir. 1992) ........................................................................... 16-17

*Pappas v. Buck Consultants, Inc.*,
    923 F.2d 531 (7th Cir. 1991) ............................................................................... 19

*Pension Benefit Guaranty Corp. v. Morgan Stanley Inv. Mgmt., Inc.*,
    712 F.3d 705 (2d Cir. 2013) ................................................................ 10

*Perez v. PBI Bank, Inc.*,
    69 F. Supp. 3d 906 (N.D. Ind. 2014) .................................................... 17

*Pudela v. Swanson*,
    No. 91-cv-3559, 1995 U.S. Dist. LEXIS 2148 (N.D. Ill. Feb. 17, 1995) .............................. 17

*Qualey v. Jackson*,
    No. 07-cv-10910-DT, 2007 U.S. Dist. LEXIS 45620 (E.D. Mich. June 25, 2007) .............. 14

*Richards v. Mitcheff*,
    696 F.3d 635 (7th Cir. 2012) ................................................................. 2

*Schaufenbuel v. InvestForClosures Fin., L.L.C.*,
    No. 09-cv-1221, 2009 U.S. Dist. LEXIS 91269 (N.D. Ill. Sep. 30, 2009) ............................ 26

*Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*,
    883 F.2d 345 (5th Cir. 1989) ................................................................. 14

*Stanard v. Nygren*,
    658 F.3d 792 (7th Cir. 2011) ................................................................. 7

*Vandehey v. Sequium Asset Sols., LLC*,
    No. 18-cv-1086, 2019 U.S. Dist. LEXIS 16414 (E.D. Wis. Feb. 1, 2019) ......................... 2-3

*Verfuerth v. Orion Energy Systems*,
    65 F. Supp. 3d 640 (E.D. Wis. 2014) .................................................... 3

*White v. Marshall Illsey Corp.*,
    714 F.3d 980 (7th Cir. 2013) ......................................................... 10, 11

*Williams v. Curran*,
    714 F.3d 432 (7th Cir. 2013) ................................................................. 6

**RULES, STATUTES, OTHER**

Federal Rule of Civil Procedure 8 ............................................................. 3
Federal Rule of Civil Procedure 9(b) ....................................................... 20, 21
Federal Rule of Civil Procedure 12(b)(1) ..................................................... 15
Federal Rule of Civil Procedure 12(b)(6) ................................................... 2, 3
15 U.S.C. § 78u-4 ......................................................................... 21, 24
29 U.S.C. § 1104 ........................................................................ 4, 5, 6
29 U.S.C. § 1105 ......................................................................... 18, 19
29 U.S.C. § 1106 ....................................................................... 12, 13, 14
29 U.S.C. § 1109 ............................................................................. 3

iv

29 U.S.C. § 1110 .................................................................................................... 14-15

29 U.S.C. § 1144 ....................................................................................................... 27

29 C.F.R. § 2509.75-8 ................................................................................................ 8

Fla. Stat. § 517.211 ................................................................................................... 28

Wis. Stat. § 551.102 .................................................................................................. 26

Wis. Stat. § 551.509 .................................................................................................. 28

ERISA Advisory Opinion, 76-65 (Dep't of Labor Jun. 7, 1976) ............................... 19

# I.    **Introduction**

One might think that whatever the shortcomings of the 825-paragraph Amended Complaint are, needed detail would not be among them. And yet, at least as to Defendant Argent Trust Company ("Argent"), Plaintiff falls far short of providing plausible allegations of wrongdoing as to all of the claims in the Amended Complaint.

The gist of Plaintiff's Amended Complaint is that Paperweight Development Corporation ("PDC") stock was overvalued, that this overvaluation occurred unabated for 16 years (2001-2017), and that every Defendant—three different independent and experienced financial advisors and valuation firms, three different independent and experienced institutional trustees (all with significant expertise and professional reputations to uphold, and no plausible motivation), and 17 different individual directors, officers, and ESOP Committee members were in on it. On its face, this is not a plausible story against any of the Defendants, and in particular against Argent. That is because Argent only became the Appvion ESOP trustee in July 2014, a full thirteen years after the 2001 ESOP transaction giving rise to Plaintiff's claims, and only served in that capacity for just over three years, until November 2017.

The Plaintiff's story is not only implausible, it is preposterous. Argent, for example, is a professional trustee dedicated to the service of ESOPs. It received a relatively modest flat fee for its service to the Appvion ESOP. The fee was not contingent on any particular determination of value, be it high or low. There are no allegations that anyone threatened to remove Argent if it did not perpetuate an alleged fraud that began a full 13 years before it came became ESOP trustee. There are no allegations that Argent received any financial benefit for perpetuating a 16-year fraud. The Plaintiff effectively concedes that Argent had nothing to gain from wrongdoing—intentional

1

or otherwise—and the idea that it would serve as the third-in-a-line ESOP Trustee and agree to the continuation of earlier-established fraud is entirely implausible. Preposterous, really.

The Complaint includes six counts against a collective group known as the Trustee Defendants, one of which is purportedly Argent. (First Amended Complaint ("FAC") at ¶¶ 86-96.) Four of the six counts come under the Employee Retirement Income Security Act of 1974 ("ERISA"). One of the claims is for violation of an unreferenced federal securities law, and the last of the claims is for allegedly violating an unreferenced Wisconsin state securities law. The six counts fail to state any plausible allegations from which the Court could reasonably infer Argent committed any wrongdoing. The Court should therefore grant Argent's motion to dismiss it from the case.

## II.     The Legal Standard Under Rule 12(b)(6)

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of the claim and grounds on which it rests . . . , and (2) contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cornielsen v. Infinium Capital Mgmt.*, LLC, No. 17-2583, 2019 U.S. App. LEXIS 4358, at *15 (7th Cir. Feb. 13, 2019) (Griesbach, C.J., sitting by designation) (internal quotation marks omitted) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005); *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As this Court has recently stated, a "'claim has facial plausibility when the plaintiff

---

[1] Pursuant to L.R. 7(j), copies of all unreported decisions cited in this memorandum are attached as **Ex. 6**.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Vandehey v. Sequium Asset Sols., LLC*, No. 18-cv-1086, 2019 U.S. Dist. LEXIS 16414, at *2 (E.D. Wis. Feb. 1, 2019) (Griesbach, C.J.) (quoting *Iqbal*, 556 U.S. at 678).

"*Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Knight*, 725 F.3d at 818. "A complaint based on a theory of collective responsibility must be dismissed." *Id.*

As to Argent, the Amended Complaint contains only "threadbare recitals" based on a "theory of collective responsibility". The Court should therefore dismiss the Amended Complaint.[2]

## III.   Argument

The Amended Complaint lumps together as "Trustee Defendants" three different entities that served as Trustee to the Appvion ESOP over a period of 16 years as well as individual employees of those ESOP Trustees. This sloppy definitional approach requires the clarifying point that Argent was obviously not involved in any conduct or decision-making between 2001 and June 30, 2014, the period that predated its term as the ESOP trustee. Pursuant to ERISA section 409(b), "no fiduciary shall be liable with respect to a breach of fiduciary duty under [ERISA] if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary." 29 U.S.C. § 1109(b). Accordingly, Argent "shall not be liable" for any alleged breaches of fiduciary duty by

---

[2] The Court recently granted in part a motion to strike a complaint that had 200 fewer paragraphs than the Amended Complaint because it was "too lengthy". *Verfuerth v. Orion Energy Systems,* 65 F. Supp. 3d 640, 652 (E.D. Wis. 2014). Referring to Federal Rule of Civil Procedure 8, this Court noted that a complaint spanning "96 pages and 612 paragraphs is neither short nor plain." *Id.* The Amended Complaint suffers this same flaw.

other fiduciaries prior to July, 1, 2014, the date it was allegedly engaged to serve as the ESOP trustee. (FAC ¶¶ 90-91) (setting out time frame for Argent's service as ESOP trustee). Moreover the 3-year statute of limitations in ERISA section 413 (29 U.S.C. § 1113(2)) precludes any claim against Argent based on alleged conduct prior to November 26, 2015, as explained in the concurrent motions to dismiss by the Reliance Defendants and Stout Defendants, which Argent incorporates here by reference.

With those temporal limitations in mind, Argent is aggregated with the rest of the Trustee Defendants in Counts I (fiduciary duty under ERISA section 404), IV (prohibited transaction under ERISA section 406), VI (declaratory judgment under ERISA section 410), VII (co-fiduciary liability under ERISA section 405), XIV (federal securities law), and XIII (Wisconsin securities law). We address Plaintiff's failure to state a claim under each of these counts in turn.

A. **Plaintiff Fails to State a Claim against Argent in Count I for Breach of Fiduciary Duties Under ERISA Section 404**

Count I alleges that the Trustee Defendants collectively breached fiduciary duties under ERISA § 404 (29 U.S.C. § 1104) in four ways: (1) failing to act for the exclusive benefit of the ESOP and its participants (i.e., breach of the duty of loyalty under 404(a)(1)(A)); (2) failing to follow the plan documents under 404(a)(1)(D); (3) failing to monitor the Board of Directors; and (4) failing to act prudently under 404(a)(1)(B). (FAC pgs. 138-42, ¶¶ 536-39.) Plaintiff has not alleged a plausible ERISA section 404 claim against Argent under any of these theories.

1. **Count I Fails to State a Plausible Claim Against Argent for Breach of the Duty of Loyalty**

Count I alleges that Argent as one of the Trustee Defendants breached a duty of "loyalty under ERISA § 404(a)(1)(A)." (FAC ¶ 537.)

4

ERISA section 404(a)(1)(A) states that "a fiduciary shall discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries . . . ." 29 U.S.C. § 1104(a)(1)(A). ERISA section 404(a)(1)(A) requires an ESOP fiduciary to act "with complete and undivided loyalty to the beneficiaries of the trust." *Leigh v. Engle*, 727 F.2d 113, 123 (7th Cir. 1984) (internal quotation marks and citation omitted). A breach of the duty of loyalty often involves a situation where a fiduciary faces "substantial conflicts of interest," and does not act "with an eye single to the interests of the participants and beneficiaries." *Chesemore v. Alliance Holdings, Inc.*, 886 F. Supp. 2d 1007, 1041 (W.D. Wis. 2012) (internal quotation marks and citations omitted). *See also Engle,* 727 F.2d at 125 (noting conflict of interest as principle violation of duty of loyalty).

The Amended Complaint fails to allege that Argent, as one of the "Trustee Defendants", engaged in conflicted or self-interested conduct at the expense of the ESOP and its participants. Plaintiff simply does not, and cannot, allege any facts to suggest that Argent individually did anything wrong, and does not allege facts from which the Court may plausibly infer that Argent had anything to gain through the alleged purposeful overvaluation of PDC stock.

Indeed, it strains all credulity to think that a professional trustee company dedicated to servicing ESOPs and maintaining its reputation would deliberately overvalue stock for no identifiable reason, and the Amended Complaint alleges no such reason or any facts from which some sort of self-interest may be reasonably inferred. *Compare Engle,* 727 F.2d at 124-27 (citing *Donovan v. Bierwirth*, 680 F.2d 263 (2d Cir. 1982) and discussing fiduciaries with conflicting loyalties given position as officers and directors of takeover targets). Instead, Appvion paid Argent a fixed annual fee that was not dependent on any particular conclusion of value for PDC's stock.[3]

---

[3] *See* Reliance Trust Engagement Letter effective 4/1/13, attached as **Ex. 1** (annual fee of $170,000) (applicable to Argent based upon Argent's purchase of Reliance in 2014); Argent Trust Engagement Letter effective 5/26/15,

Also allegedly involved are two other professional, independent trustees with no incentive to do so and the leading valuation firms they hired, similarly with no incentive to engage in wrongdoing. And Plaintiff alleges that Argent and these others conspired over a 16-year period with the board of directors and Appvion's management team that changed in composition. This is extraordinarily implausible. The only plausible and logical inference from the facts alleged is that a professional trustee like Argent, with no stake or self-interest in overvaluing PDC stock and no other reason for doing so, would *not* overvalue PDC's stock. The Court should therefore dismiss the portion of Count I that alleges Argent breached its duty of loyalty under ERISA § 404(a)(1)(A).

### 2. Count I Fails to State a Claim Against Argent for Failure to Follow the Plan Documents

The Amended Complaint alleges that Argent as one of the Trustee Defendants breached its "duty to act in accordance with the plan under ERISA § 404(a)(1)(D)." (FAC ¶ 537.)

ERISA section 404(a)(1)(D) states that a fiduciary shall execute "his duties with respect to a plan . . . in accordance with the documents and instruments governing the plan . . . ." 29 U.S.C. § 1104(a)(1)(D). The Amended Complaint, however, does not identify even one provision of the Appvion Inc. Retirement Savings and Employee Stock Ownership Plan ("ESOP") document that Argent allegedly did not follow, nor does it identify the conduct that was inconsistent with the ESOP documents. That deficiency requires dismissal of this portion of Count I because "[a]lthough the plaintiffs have alleged a breach of this Section, they have not identified any evidence that would indicate the manner in which the defendants have breached it." *Gray v. Briggs*, 45 F. Supp.

---

attached as **Ex. 2** (annual fee of $200,000). Because the engagement letters are referenced and incorporated in the Amended Complaint (e.g., FAC at ¶¶ 182-184, 611) and central to the claims, they are appropriately considered on a Rule 12(b)(6) motion to dismiss. *See Duhart v. United States Postal Serv.*, No. 17-cv-192, 2017 U.S. Dist. LEXIS 88056, at *3-4 (E.D. Wis. June 8, 2017) (Griesbach, C.J.) (summarizing the "incorporation-by-reference" doctrine); *Williams v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[A] court may consider . . . documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice")).

2d 316, 327 (S.D.N.Y. 1999). After all, "[t]o form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011). When the "factual detail in a complaint" is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," dismissal is proper. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). *See also Knight*, 725 F.3d at 818 (a complaint that alleges collective wrongdoing "without any details about who did what" is deficient).

The Court should dismiss this aspect of Count I because there are no allegations regarding the portion of the ESOP documents Argent failed to follow or from which the Court may infer that Argent failed to act in accordance with the ESOP documents.

### 3. Count I Fails to State a Claim for Breach of the Duty to Monitor

Again in a completely conclusory manner, Plaintiff alleges that Argent as one of the Trustee Defendants "[f]ail[ed] to monitor Appvion's Board of Directors." (FAC ¶¶ 534-536.) The Court should dismiss the duty to monitor claim for at least three alternative reasons.

*First*, Plaintiff has not alleged any facts from which the Court could reasonably conclude or infer that Argent had an ERISA duty to monitor the Appvion Board of Directors. "It is well-settled that ERISA's duty to monitor applies only to a person or entity that has the power to appoint and remove an ERISA fiduciary." *Fish v. Greatbanc Tr. Co.*, No. 09-cv-1668, 2016 U.S. Dist. LEXIS 137351, at *159 (N.D. Ill. Sep. 1, 2016) (citing *Howell v. Motorola, Inc.*, 633 F.3d 552, 573 (7th Cir. 2011)). As the Seventh Circuit has stated, those with a role in appointing fiduciaries have "a duty to choose appointees wisely and to monitor their activities." *Howell*, 633 F.3d at 562.

7

*See also* 29 C.F.R. § 2509.75-8 (FR-17) (U.S. Department of Labor guideline referencing duty to monitor "by appointing fiduciary").

Two recent cases from District Courts within the Seventh Circuit are on point. In *Fish,* the District Court held that an ERISA fiduciary who was a member of the ESOP committee did not have a duty to monitor the ESOP trustee because "the Antioch board of directors, not [the ESOP committee], possessed the power to appoint and remove GreatBanc." *Fish,* 2016 U.S. Dist. LEXIS 137351, at *159. The Court concluded that the defendant "was never a member of Antioch's board, and she therefore had no duty to monitor [the ESOP trustee]. Accordingly, any claim against her based upon a supposed duty to monitor must fail." *Id.* Likewise, in *Chesemore v. Alliance Holdings, Inc.*, 886 F. Supp. 2d 1007 (W.D. Wis. 2012), the court held that the ESOP trustees had no duty to monitor because they were not "the appointing fiduciary". *Id.* at 1050.

Like the *Fish* and *Chesemore* courts, this Court should find that Argent had no duty to monitor the Appvion board as a matter of law because it had no appointment or removal powers of any kind. The Amended Complaint acknowledges that under the terms of the ESOP, Appvion's board had the sole authority to appoint and remove ESOP Committee members. (FAC ¶ 173; Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan Effective Jan. 1, 2014, at § 8.1(a), attached as **Ex. 3**).[4] The ESOP Committee, on the other hand, had the power to appoint the trustee. (*Id.* at § 8.8(2).) So as the trustee, Argent was an *appointed* ERISA fiduciary—it therefore had no duty to monitor the Appvion board under the Seventh Circuit's *Howell* decision, and the *Fish* and *Chesemore* cases. Rather, Argent was the monitored fiduciary appointed by the ESOP Committee (which therefore had the duty to monitor the trustee), as alleged in the Amended

---

[4] The Appvion ESOP is referenced in the Amended Complaint and central to Plaintiff's claims, and therefore is appropriately considered on this Rule 12(b)(6) Motion. *See* n.3, *supra*; *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (affirming consideration of plan documents central to an ERISA complaint at the motion to dismiss stage).

Complaint. Because any duty to monitor others only rested with the Board of Directors and ESOP Committee—i.e., those with the power to appoint and remove ERISA fiduciaries—the duty to monitor claim against Argent in Count I should be dismissed.

*Second*, even if Argent had a duty to monitor the Appvion board, any claim for breach of the duty to monitor is derivative and thereby requires an underlying breach of duty under ERISA by the appointed fiduciary (the Appvion board under Plaintiff's backwards theory). "Duty-to-monitor claims are derivative in nature." *In re BP ERISA Litig.,* No. 4:10-cv-4214, 2015 U.S. Dist. LEXIS 147819, at *34 (S.D. Tex. Oct. 30, 2015). "To prevail on these derivative claims, Plaintiffs must adequately state a claim for an underlying breach of fiduciary duty by the appointed fiduciary." *Id.* (internal quotation marks omitted). *See also In re Harley Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 953, 968-69 (E.D. Wis. 2009) (dismissing "derivative allegations of a breach of . . . duty to monitor" based on dismissal of underlying claims). For all the reasons explained in the contemporaneously filed Motion to Dismiss by the Former Officers and Directors, which Argent incorporates by reference, Plaintiff has failed to state a cognizable ERISA breach of fiduciary duty claim against the Director Defendants.

*Third*, and finally, even assuming Argent had a duty to monitor the Appvion board and Plaintiff had stated an underlying breach of duty claim against the Director Defendants, the duty to monitor claim against Argent still fails to satisfy the pleading standards of *Twombly* and *Iqbal*. There are no facts alleged in the Complaint regarding when or how Argent (or any other of the so-called Trustee Defendants) supposedly breached a duty to monitor the Appvion board. The Amended Complaint contains only the threadbare, conclusory, and collective recitals that the Trustee Defendants (collectively) breached a duty to monitor the Appvion board. (FAC ¶¶ 534-536.)

For any or all of these reasons, the Court should dismiss the portion of Count I that alleges Argent breached its duty to monitor.

### 4. Count I Fails to State a Plausible Claim Against Argent for Breach of the Duty of Prudence

The Seventh Circuit has observed that "ERISA's fiduciary duty of care requires prudence, not prescience." *Keach v. United States Trust Co.,* 419 F.3d 626, 638 (7th Cir. 2005) (quoting *DeBruyne v. Equitable Life Assurance Soc'y of the United States,* 920 F.2d 457, 465 (7th Cir. 1990)). Thus, "the appropriateness of an investment is to be determined from the perspective of the time the investment was made, not from hindsight." *Fish,* 2016 U.S. Dist. Lexis 137351, at *16 (N.D. Ill. Sept. 1, 2016) (internal quotation marks and citation omitted). To state a claim for imprudence, a plaintiff must allege non-conclusory factual content raising a plausible inference of misconduct that does not rely on hindsight. *Pension Benefit Guaranty Corp. v. Morgan Stanley Inv. Mgmt., Inc.,* 712 F.3d 705, 718 (2d Cir. 2013). As the Seventh Circuit stated, "the ultimate outcome of an investment is not proof of imprudence." *DeBruyne,* 920 F.2d at 465. This is because "fiduciaries are not expected to predict the future of the [company's] performance." *Fifth Third Bancorp v. Dudenhoeffer,* 573 U.S. 409, 427 (2014) (internal quotation marks and citation omitted). Plaintiffs "need to rebut [] logic and show a basis for liability that does not depend on hindsight." *White v. Marshall Illsey Corp.,* 714 F.3d 980, 994 (7th Cir. 2013). Plaintiff has failed to meet this burden at the pleading stage.

In the Amended Complaint, Plaintiff alleges facts that show nothing more than Argent should have had at its disposal a crystal ball to peek into Appvion's future. One example involves allegations about Argent's review of a corporate transaction in August 2015 whereby Appvion sold a business division known as Encapsys. (FAC ¶ 396-397.) Those allegations, however, do not state any facts critical of the fiduciary process that Argent brought to bear in reviewing the fairness

of the transaction to the ESOP and its participants. (*Compare* FAC ¶ 396 (acknowledging Argent reviewed the Encapsys transaction in detail, received a fairness opinion from an independent financial advisor, and advice from independent legal counsel) *and* FAC ¶ 398 (the transaction "allowed Appvion to pay off some debt") *with id*. (using hindsight to allege that the transaction turned out to have negative financial consequences).

A second example goes to the bi-annual valuations of PDC stock that Argent made during its few years as ESOP trustee. The Amended Complaint is replete with the conclusory allegation that Argent overvalued PDC stock, but there is absolutely no allegation that Argent's fiduciary process to review its advisor's valuation was imprudent. None. As a result, there are no allegations that "rebut logic" that *Argent's fiduciary process* in reviewing SRR's valuation work was a prudent process. *White,* 714 F.3d at 994. Moreover, there are no allegations that Argent should have suspected that SRR's valuations were erroneous or methodologically unsound. This is fatal to Plaintiff's prudence claim against Argent. In fact, the only reasonable inference that the Court can draw from the Amended Complaint is that Argent, concerning both the Encapsys transaction and the bi-annual valuations of PDC stock, acted prudently by employing and reasonably relying upon professional advisors and carefully reviewing their advice. As the Seventh Circuit plainly stated, "securing an independent assessment from a financial advisor . . . is evidence of a thorough investigation." *Keach,* 419 F.3d at 637 (internal quotation marks and citation omitted). Argent's use of professional advisors throughout its tenure "provides evidence that [Argent] acted prudently." *Fish,* 2016 U.S. Dist. Lexis 137351 at *161.

Based on the foregoing, the Court should dismiss Plaintiff's prudence claim against Argent.

**B. Count IV Fails to State a Prohibited Transaction Claim Against Argent Under ERISA § 406(a)(1)(D)**

In Count IV, Plaintiff claims that Argent as one of the Trustee Defendants caused the ESOP to engage in a transaction that violated ERISA section 406(a)(1)(D). Plaintiff cannot survive a motion to dismiss its section 406(a)(1)(D) prohibited transaction claim against Argent because there are no facts alleging (1) the specific type of prohibited transaction identified in section 406(a)(1)(D) occurred or (2) that, even assuming such a transaction was plead, Argent "caused" the ESOP to engage in that transaction.

**1. The Complaint Fails to Allege that the Type of Transaction Prohibited By ERISA Section 406(a)(1)(D) Even Occurred**

As to Argent, Plaintiff bases its prohibited transaction only on ERISA section 406(a)(1)(D). (FAC ¶¶ 576, 590.)

ERISA section 406(a)(1)(D) states

> (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—
>
> \*   \*   \*   \*   \*
>
> (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan; . . . .

29 U.S.C. § 1106(a)(1)(D). To survive a motion to dismiss, a plaintiff must plead that at least one of the five specific transactions identified in section 406(a) occurred—in this case section 406(a)(1)(D)—and in doing so the Court must apply the plain statutory language in analyzing whether Plaintiff has sufficiently plead a statutory violation. *Milwaukee Gun Club v. Schulz*, 979 F.2d 1252, 1255 (7th Cir. 1992) ("'If the plain language of the statute is clear, we do not look beyond those words to interpret the statute'") (quoting *Kelly v. Wauconda Park Dist.*, 801 F.2d 269, 270 (7th Cir. 1986)). Because there are no facts in the Amended Complaint alleging that the

ESOP engaged in a transaction that transferred or used "assets of the plan" as required by section 406(a)(1)(D), the Amended Complaint fails to state a claim against Argent.

The only allegedly prohibited transactions referenced in the Amended Complaint relate generally to a series of executive compensation programs tied to PDC stock valuations. All of these programs were established long before Argent became trustee in 2014. (FAC ¶¶ 352-371) (describing compensation plans established in 2001, 2000, 2006, 2008, and 2010 respectively). According to Plaintiff, Appvion generally provided synthetic equity to certain executive defendants (defined in the Amended Complaint as the Prior Committee Defendants and the Director Defendants) under various corporate compensation plans that the Prior Committee Defendants and the Director Defendants could sell at a later time at a value keyed to allegedly inflated valuations of PDC stock throughout the years. (FAC ¶¶ 583-86.) These alleged "transactions" involving executive compensation plainly do not fall within the type of transaction prohibited by section 406(a)(1)(D). By its plain terms, a transaction prohibited by section 406(a)(1)(D) is one involving the "transfer to, or use by or for the benefit of a party in interest, of any assets of the plan". There are no allegations in the complaint that the executive compensation-related "transactions" tied to PDC stock value involved "any assets of the plan." This pleading deficiency requires dismissal of the 406(a) claim against Argent.[5]

### 2. The Complaint Does Not Allege that Argent Caused the Plan to Engage in a Prohibited Transaction.

Aside from failing to allege a transaction involving "assets of the plan," Plaintiff has failed to plead a section 406(a)(1)(D) claim because he has not alleged that Argent "caused" the ESOP to engage in a prohibited transaction. "ERISA § 406 is expressly limited to cases in which a

---

[5] The absence of any such allegations is attributable to the fact that an ESOP, and any other ERISA pension plan, does not and cannot provide compensation.

13

fiduciary 'causes' the plan 'to engage in a [prohibited] transaction.' If the defendant-fiduciary does not 'cause' the plan 'to engage in' a prohibited transaction, there is no claim under ERISA § 406." *Qualey v. Jackson*, No. 07-cv-10910-DT, 2007 U.S. Dist. LEXIS 45620, at *15 (E.D. Mich. June 25, 2007) (citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 888-89 (1996)). "Unless a plaintiff can make that showing there can be no violation of section 406(a)(1) to warrant relief under [ERISA]." *Lockheed Corp. v. Spink,* 517 U.S. 882, 889-90 (1996).

Plaintiff's allegations recognize that Argent did not "cause" the ESOP to create or "engage in" the executive compensation programs that Plaintiff complains of in the Amended Complaint. To the contrary, Plaintiff alleges the obvious—that Appvion established the executive compensation plans, and did so more than a decade before Argent's appointment as ESOP Trustee in 2014. (*See, e.g.* FAC ¶ 351 ("In conjunction with the 2001 Transaction, Appvion Director Defendants implemented additional incentive plans for management employees and senior executives."); *Id.* at ¶¶ 352-371). The Complaint therefore fails to state a claim against Argent for a prohibited transaction for this alternative, independent reason. *See Qualey*, 2007 U.S. Dist. LEXIS 45620, at *15 (no prohibited transaction liability where transaction was "caused," if at all, by votes of directors and shareholders and not actions of alleged ERISA fiduciary); *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 352 (5th Cir. 1989).

C.    **The Declaratory Judgment Claim in Count VI Should be Dismissed**

In Count IV, Plaintiff asks the Court to enter a declaratory judgment that the indemnification provisions in the "Trustee engagement letters and trust agreements" are void under ERISA section 410 (29 U.S.C. § 1110). (FAC ¶¶ 611-12.) Section 410 states that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation or duty under [ERISA] shall be void as against public policy."

14

29 U.S.C. § 1110(a). The Court should dismiss this claim against Argent for two alternative reasons.

*First*, the claim should be dismissed pursuant to Rule 12(b)(1) because there is no justiciable controversy.[6] Although "[t]he Declaratory Judgment Act gives courts of the United States discretionary power to issue declarations regarding 'the rights and other legal relations of any interested party seeking such declaration," courts "may not exercise this discretionary power in the absence of an 'actual controversy' between the parties." *Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994) (citing 28 U.S.C. § 2201). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138 (2007) (internal quotation marks and citations omitted). Moreover, "[i]t must be a real and substantial controversy . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotation marks and citations omitted). Here, Plaintiff has not alleged, and cannot allege, that Argent has made any demand for indemnification upon Appvion (or its successors following bankruptcy). Accordingly, there is no actual controversy between the parties regarding indemnification. For this reason, Count VI should be dismissed.

*Second*, even assuming there was a justiciable controversy, the Court should dismiss Count VI because the indemnification provisions are not void under ERISA Section 410. Plaintiff claims the indemnification provisions "purport to have Appvion indemnify and hold Trustee Defendants

---

[6] Like Rule 12(b)(6), "[m]otions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint". *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014) (citing *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996)). As under Rule 12(b)(6), "[i]n the context of a motion to dismiss for lack of subject matter jurisdiction, [the Court must] accept as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002). However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588-89 (*citing Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir. 1987)).

harmless against and from any and all claims, damages, expenses, liabilities, and losses whatsoever." (*Id.* ¶ 611.) The indemnification provisions applicable to Argent say nothing of the sort.

Rather, consistent with the requirements of ERISA section 410, the indemnification provisions applicable to Argent clearly and expressly prohibit indemnification for any breaches of Argent's fiduciary duties under ERISA, and require that Argent return to Appvion any and all amounts Appvion advanced to Argent if a court determines Argent breached fiduciary duties under ERISA. (*See* **Ex. 1,** Engagement Letter effective 4/1/13, at ¶ 4; **Ex. 2**, Engagement Letter effective 5/26/15, at pgs. 4-5 "Indemnification"; **Ex. 4**, Trust Agreement effective 4/1/13, at § 1.8 "Non-Indemnity Loss", § 8.8, "Indemnification,"; **Ex. 5**, Trust Agreement effective 8/3/15 at § 5.4 "Indemnification".)[7]

There is nothing illegal or improper with the scope of indemnification afforded to Argent in these agreements. Indeed it is standard for companies that sponsor ESOPs and other benefit plans under ERISA to agree to indemnify plan fiduciaries and advance the fees and costs they incur in defending themselves against allegations that they violated ERISA. As the Seventh Circuit has observed, "[a] plan with a choice between retaining a risk-averse fiduciary willing to serve only with a promise of indemnity (or insurance, or a higher salary) and hiring a high roller willing to take big gambles (including the gamble of paying a year's income to his lawyer even if he has done no wrong) may well conclude that the timorous manager is the one to have—that risk-takers ought not be at the helm of pension funds." *Packer Eng'g, Inc. v. Kratville*, 965 F.2d 174, 175 (7th Cir. 1992). After all, "[h]ow could anyone take seriously the proposition that ERISA forbids the

---

[7] As explained in n.3 and n.4, *supra*, these documents referenced in the Amended Complaint are appropriately considered on this Motion to Dismiss. The 2013 Engagement Letter and Trustee Agreement were initially applicable to Argent based on the 2014 sale of Reliance to Argent.

indemnification of fiduciaries *wrongly* accused of misconduct, when ERISA itself allows a court to award fees to the prevailing side?" *Id.* (emphasis in original).

Other courts, consistent with the Seventh Circuit law cited above, have repeatedly upheld indemnification provisions just like the ones applicable to Argent that expressly prohibit indemnification when a fiduciary has been found liable for breaching its fiduciary duties. *See, e.g.*, *Perez v. PBI Bank, Inc.*, 69 F. Supp. 3d 906, 912-13 (N.D. Ind. 2014) (rejecting Section 410 challenge to indemnification provision that mirrors the provisions applicable to Argent because "in effect, [] there would be no indemnification for the Trustee's failures to perform its duties in compliance with ERISA"); *Harris v. Greatbanc Tr. Co.*, No. 12-cv-1648, 2013 U.S. Dist. LEXIS 43888, at *7-8 (C.D. Cal. Mar. 15, 2013) (dismissing claim to invalidate indemnification provision because it "expressly prohibits indemnification if a court enters a final judgment from which no appeal can be taken finding [defendant] liable for breach of its fiduciary duties under ERISA, and therefore . . . does not run afoul of ERISA 410(a)"); *Pudela v. Swanson*, No. 91-cv-3559, 1995 U.S. Dist. LEXIS 2148, at *13-14 (N.D. Ill. Feb. 17, 1995) (holding because the indemnification provision "could be interpreted as leaving plan fiduciaries fully responsible and liable for any breach of fiduciary duties, this court cannot conclude that it is invalid as an exculpatory clause" under Section 410).

Because the indemnification provisions applicable to Argent do not purport to relieve Argent from "responsibility or liability for any responsibility, obligation, or duty" under ERISA in violation of Section 410, Count VI of the Amended Complaint should be dismissed for failure to state a claim.

## D. Count VII Fails to State a Co-Fiduciary Liability Against Argent Under ERISA § 405

In Count VII, Plaintiff asserts a claim for co-fiduciary liability against the Prior Committee Defendants, the Director Defendants, and the Trustee Defendants pursuant to ERISA § 405(a)(1)-(3). ERISA section 405(a) states

> (a) Circumstances giving rise to liability. In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his failure to comply with section 1104(a)(1) (i.e., ERISA section 405(a)(1)) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a).

Co-fiduciary liability under Section 405(a)(1) and (a)(3) apply only if a fiduciary has knowledge of a breach by another fiduciary. The level of knowledge required to be liable is actual knowledge, not constructive knowledge. As one court noted, "it is well-established that actual knowledge by a fiduciary is required in order for co-fiduciary liability to attach under § 405(a)." *Keach v. United States Tr. Co., N.A.*, 240 F. Supp. 2d 840, 844 (C.D. Ill. 2002). Likewise, the court in *Ellis v. Rycenga Homes, Inc.*, 484 F. Supp. 2d 694, 712 (W.D. Mich. 2007) (collecting cases) stated "the courts hold that actual knowledge is required and that constructive knowledge will not do." As for section 405(a)(2), while actual knowledge is not required, co-fiduciary liability applies

only if a fiduciary's own breach of Section 404(a)(1) "has enabled such other fiduciary to commit a breach." 29 U.S.C. § 1105(a).

Here, the Amended Complaint alleges in conclusory fashion only that Trustee Defendants, a definition that includes Argent but also many others, failed to "properly monitor" SRR (FAC ¶ 618), and that the Trustee Defendants also collectively "knew of" breaches of fiduciary duty by the Prior Committee Defendants and the Director Defendants. (*Id.* at ¶ 619.) That's it. These threadbare and collective allegations of co-fiduciary liability fail to state a claim against Argent because there are no factual allegations in the Amended Complaint demonstrating that Argent had "actual knowledge" regarding any purported breaches by any other ERISA fiduciary serving with it as of July 1, 2014, and thereafter, sufficient to state a claim under section 405(a)(1) and (3).

In addition to its failure to plead actual knowledge, the Amended Complaint fails because SRR is not, nor does Plaintiff allege it to be, an ERISA fiduciary. (FAC ¶ 618.) SRR is alleged to be a "financial advisor to the ESOP trustees." (FAC at ¶ 98.) And it is no wonder that the Amended Complaint lacks any such allegations because professional service firms like SRR that provide services to ESOP fiduciaries are not themselves fiduciaries. *E.g., Pappas v. Buck Consultants, Inc.,* 923 F.2d 531, 535 (7th Cir. 1991) (professionals providing services to ERISA trustee do not fit definition of fiduciary under ERISA); ERISA Advisory Opinion, 76-65 (Dep't of Labor Jun. 7, 1976). As section 405(a) applies solely to breaches by "such other fiduciary," 29 U.S.C. § 1105(a), Argent cannot be liable for co-fiduciary liability with respect to the conduct of a non-fiduciary like SRR.[8]

---

[8] The Amended Complaint also alleges that other of the Trustee Defendants, though not Argent, failed to monitor Willamette. In another example of the mischief of collective definitional pleading, this aspect of the claim cannot apply to Argent since Willamette had been replaced many years before Argent became the ESOP trustee. Accordingly, the Plaintiff's allegations show that Willamette did not undertake any valuations of PDC stock during the short period that Argent was the ESOP trustee.

Based on the foregoing, the Court should dismiss Count VII against Argent.

### E.    Count XIV Fails to State a Federal Securities Claim Against Argent

Count XIV alleges that the Trustee Defendants committed federal securities fraud. The Prior Committee Defendants, the Director Defendants, and the SRR Defendants are also alleged to have committed securities fraud. The fraud allegations concern the valuation reports of the Trustee Defendants to the ESOP Committee. According to the Amended Complaint, for purposes of the securities claims, each and every valuation back to December 2013 was fraudulent. (FAC ¶¶ 706-714, 735-736.) Argent and Reliance are alleged to have committed securities fraud in essentially all of the same ways that the other Count XIV defendants are alleged to have. (*Id.* at ¶¶ 701-753) (copying-and-pasting nearly the same allegations into the claim against each set of defendants). Plaintiff's allegations are implausible and fail to state a claim.

#### 1.    Pleading Standard Applicable to Federal Securities Claims

To state a claim for federal securities fraud, a complaint must allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Cornielsen*, 2019 U.S. App. LEXIS 4358, at *16.

Even before the enactment of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Seventh Circuit had held that securities fraud claims must satisfy Rule 9(b)'s particularity standard. *Id.* (citing *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)). Federal Rule of Civil Procedure 9(b) provides that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This generally means "describing the 'who, what, when, where, and how' of the fraud." *Id.* (quoting *AnchorBank,*

*FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir 2011)). "The purpose of this particularity requirement is 'to discourage a 'sue first, ask questions later' philosophy.'" *Id.* (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011)). "To satisfy Rule 9(b)'s particularity standard, a complaint must state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* at *18 (internal quotation marks omitted) (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)). "As a result, [a] complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." *Id.* (internal quotation marks omitted) (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (quoting *Design Inc. v. Synthetic Diamond Tech., Inc.*, 674 F. Supp. 1564, 1569 (N.D. Ill. 1987)).

"Section 21D(b)(2) of the PSLRA added the requirement that complaints alleging securities fraud 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Id.* at *17 (quoting 15 U.S.C. § 78u-4(b)(2)(A). "Any complaint alleging a material misstatement or omission must also 'specify each statement alleged to have been misleading' and the 'reason or reasons why the statement is misleading.'" *Id.* (quoting 15 U.S.C. § 78u-4 (b)(1)).

The Amended Complaint fails to satisfy these stringent pleading standards.

## 2. Plaintiff Fails to Allege Misrepresentations With Particularity

Plaintiff fails the PSLRA's requirement to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). Plaintiff alleges that each of the seven valuations overseen by Argent falsely represented the value

of the PDC stock. (FAC ¶¶ 709, 736.) Plaintiff contends that the valuations were false because they omitted facts concerning SRR's valuation methodology with which Plaintiff, with hindsight, now disagrees.

The Court has held that allegations like those in the Amended Complaint fail to meet the necessary pleading standards. In *Iron Workers Local No. 25 Pension Fund v. Oshkosh Corp.*, No. 08-cv-797, 2010 U.S. Dist. LEXIS 30693 (E.D. Wis. Mar. 30, 2010), the Court considered securities fraud claims against a company and its auditor. The Court found that the plaintiff failed to satisfy the particularity requirement where "the allegations of fraud make no attempt to differentiate between the vastly different circumstances surrounding each reporting period and each statement made during those periods. Under the PSLRA an allegation of fraud cannot be 'one size fits all' -- each allegation must be tied to an explanation for why the statement was untrue and why the speaker had reason to know it was untrue." *Id*. at *43. The Court also observed that a company's analysis of its financial condition changed over time and how that meant generalized allegations of wrongdoing failed to meet the particularity requirement:

> Each new quarter involved some new factor: an acquisition, the reshuffling of management, the closing of plants, changes in the market, etc., and each of these considerations presented a new scenario in which profitability may have been achieved (or not). The complaint does not specify, however, why the company's statements were unrealistic in each quarter. Instead, it asserts a general premise . . . and then simply claims that every statement during the class period was fraudulent because the company refused to recognize that fact. Each quarter's statements are bundled together as a pattern of fraud lasting four and one-half years, and we are asked simply to believe that *everything* the company said . . . was a lie, when in fact the situation each quarter was highly volatile.

*Id*. at *44.

The same shortcoming the Court identified in *Oshkosh* exists in this case. Argent made seven valuation determinations over a period of about four years. It is deeply implausible that, despite changing corporate and market conditions, each and every one of these determinations was

flawed in the same precise ways. Indeed, this case is a far more extreme example than the Court faces in *Oshkosh*. Greater than the unchanging allegations over a four-and-a-half period in *Oshkosh*, Plaintiff here alleges misstatements and omissions in connection with the ESOP valuations stretching back 16 years. (*See, e.g.* FAC ¶¶ 33, 36, 43.) It is "inconceivable" that "each of these charges . . . would have applied in blanket fashion to each and every one of [Argent's] statements over the course of more than four years." *Oshkosh*, 2010 U.S. Dist. LEXIS 30693 at *50. This is especially true where not only did the fraud allegedly occur, unchanged, over an extended period of time, but it was also apparently committed in the same way by a broad group of defendants. This type of pleading, "that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." *Cornielsen*, 2019 U.S. App. LEXIS 4358, at *18 (internal quotation marks and citation omitted).

    *Oshkosh* has particular relevance for Plaintiff's claim against Argent related to the issue of valuation reports. The plaintiffs in *Oshkosh* also sued the defendant company's auditor alleging that the audit opinions prepared by the auditor were false because they disregarded certain facts. This is directly analogous to Plaintiff's claim here that Argent's valuation opinions were fraudulent. The Court in *Oshkosh* rejected the claims against the auditor, noting that the claim was based only on the plaintiff's "opinion about the reasonableness" of the auditor's judgment. *Id*. at *69. But like a valuation opinion, the audit work was "highly subjective and is based on a number of factors." *Id.* The suggestion that the auditor must have known something it failed to disclose was "simply untenable without some specific evidence that the [auditor's] analysis was no longer a matter of judgment but was so obvious that fraud was involved." *Id.* No different in regard to the allegations related to Argent in the First Amended Complaint.

Plaintiff offers no allegation in the Amended Complaint that comes remotely close to establishing that Argent "so obvious[ly]" knew that its valuations were overstated to state a claim for fraud. *Id.* Plaintiff, with the benefit of hindsight, does little more than offer his opinion that the valuations were incorrect. This falls far short of the particularity requirement under Rule 9(b) and the PSLRA.

### 3.    <u>Plaintiff Fails to Adequately Allege Scienter</u>

A plaintiff in a securities fraud suit has a considerable challenge in adequately pleading scienter. A complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). "The 'required state of mind' refers to the element of scienter, which means 'an intent to deceive, demonstrated by knowledge of the statement's falsity or reckless disregard of a substantial risk that the statement is false.'" *Cornielsen*, 2019 U.S. App. LEXIS 4358, at *24 (quoting *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007)). "Under the PSLRA's 'strong inference' standard, '[a] complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)). "When determining whether a complaint creates a strong inference of scienter, 'the court must take into account plausible opposing inferences.'" *Id.* (quoting *Tellabs*, 551 U.S. at 323).

Plaintiff's Amended Complaint has not alleged facts to create any inference of scienter, much less the required strong inference. In fact, there is essentially no attempt to identify an intent to deceive on the part of Argent.

Given the lack of *any* specific allegations related to scienter, it would be enough simply to stop there. But two other points can be made by reference to the Court's *Oshkosh* decision.

*First*, the Court found scienter lacking in *Oshkosh* where the "lengthy class period [across which the fraud is alleged to have occurred] require[d] a stretch of the imagination." *Id*. at *61. Here the fraud is alleged to have occurred for more than a decade and involve three trust companies, and three valuation and financial advisory firms during this period. This "lengthy class period . . . [and] the number of defendants involved in the alleged fraud stretches credibility." *Id*. at *69.

*Second*, the Court found scienter lacking as to the company's third-party auditor. The Court stated that alleging a third party was part of a scheme to deceive "is not a happy place to be under the PSLRA." *Id*. at *70. The court reasoned that, in a passage particularly relevant to the Amended Complaint,

> We know that the company's executives had at least some financial incentive to prop up the share price for five years -- but what was in it for the auditor? All we are told is that Deloitte earned significant fees during the class period. But of course that would be true for any major accounting firm performing audit services. There has to be something extra, some additional whiff of purposeful deceit, to separate the GAAP claim against this auditor from the boilerplate, obligatory, allegations that would have to be made against any auditor in a case like this. Here, we are simply told that Deloitte participated in the fraud but not given any plausible reason why it would have done so. Auditors are people, and people generally do not engage in activities -- particularly fraudulent ones -- without some reason. Would Deloitte have been replaced as auditor if it failed to go along with the program? Were threats made? Were auditors' bonuses tied to maintaining good relations with Oshkosh management? Did Bohn imply that he needed cover from Deloitte for five years so he could sell thirteen percent of his stock at inflated prices? Without any plausible motive alleged, it is difficult to draw any inference of intent to deceive.

*Id*. at *70-71.

This same logic applies with great weight to the securities fraud allegation against Argent. Though Argent is alleged to have participated in a substantial and lengthy fraud, Plaintiff alleges no "plausible motive" for this alleged fraud. Plaintiff offers no reason to infer that a professional trust company dedicated to the service of ESOPs would decide in this one particular instance to

defraud its client and plan participants and get nothing out of it. Certainly the relatively modest fees Argent was paid do not allow an inference of scienter as those fees were not dependent on any particular conclusion of value. Indeed it is entirely irrational to infer that a professional trustee would commit fraud for no financial reason simply to preserve fees: Argent's "greatest asset is its reputation for honesty, followed closely by its reputation for careful work. Fees for [trustee services] could not approach the losses [Argent] would suffer from a perception that it would muffle [or participate in] a client's fraud." *DiLeo v. Ernst & Young*, 901 F.2d 624, 629 (7th Cir. 1990). Plaintiff is not able to muster any facts giving rise to an inference of intent, let alone the strong inference required.

Having failed adequately to plead misrepresentations and scienter with particularity, the securities claims should be dismissed.

**F.** **Count XIII Fails to State a Wisconsin Securities Claim Against Argent**

Plaintiff also sues Argent and numerous other defendants for securities fraud under Wisconsin law. This claim should be dismissed based on three alternative grounds. In keeping with much of its Amended Complaint, Plaintiff fails to identify the Wisconsin securities laws at issue, but we presume that the Amended Complaint relates to the Wisconsin Uniform Securities Law. Wis. Stat. § 551 (the "WUSL").

*First,* as with the alleged federal securities violations, Plaintiff must plead its state law securities fraud claim with particularity. *See*, *e.g.*, *Schaufenbuel v. InvestForClosures Fin., L.L.C.*, No. 09-cv-1221, 2009 U.S. Dist. LEXIS 91269, at *9 (N.D. Ill. Sep. 30, 2009) (applying Fed. R. Civ. P. 9(b) to state securities law claim). As shown above, and incorporated here by reference, Plaintiff has not done so with regard to the federal securities claims and therefore also failed to do so in regard to the state law claim.

*Second,* the WUSL exempts from the definition of "security" an interest in a contributory or noncontributory pension or welfare plan subject to [ERISA]." Wis. Stat. § 551.102(28)(c). The ESOP is just such a plan. The WUSL is thus not available by its plain terms to Plaintiff concerning the ESOP and claims involving the valuation of PDC stock held by the ESOP. *Schulz*, 979 F.2d at 1255.

*Third,* Plaintiff's state law claim is preempted by ERISA. In *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004), the Supreme Court held that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted" even if the state law at issue seemingly falls within ERISA section 514(b)(2)(A), ERISA's so called savings statute (29 U.S.C. § 1144(b)(2)(A)). In *Davila,* the Supreme Court held that a state law was subject to ERISA preemption even though it arguably fit within the ERISA preemption "savings clause". 29 U.S.C. § 1144(b)(2)(A) (exempting from ERISA preemption state law "which regulates insurance, banking or securities").

In a case directly on point, the District Court in *Bacon v. Steifel Labs,* 677 F. Supp. 2d 1331 (S.D. Fla. 2010) dismissed, as preempted by ERISA, claims under the Florida Securities Act. *Id.* at 1348. Like the Wisconsin statute at issue in the Amended Complaint, the Florida securities law provides "a cause of action for damages incurred in the connection with the purchase or sale of a security in violation of" that statute. *Id.* Because, like here, the remedy for violation of that statute "supplements" and "also duplicates" the remedies available to plaintiff under ERISA (i.e., difference between the allegedly inflated price and the actual price, interest, etc.), the court held ERISA preempted the claim, even though the claim arguably derived from a state law regulating

securities. *Id.* at 1348-49 (citing *Davila,* 542 U.S. at 209). *Compare* Fla. Stat. § 517.211 *with* Wis. Stat. § 551.509.

Based on the foregoing, the court should dismiss the state law securities claim.

## IV.  Conclusion

For all the foregoing reasons, the Court should grant Argent's Motion to Dismiss.

Dated: February 28, 2019

By: : */s/ William P. McKinley*
William P. McKinley SBN # 1072959
MENN LAW FIRM, LTD.
2501 E. Enterprise Ave.
Appleton, Wisconsin 54912
Email: William-Mckinley@mennlaw.com
Tel: (920) 731-6631
Fax (920) 560 4757

-and-

By: */s/ Michael L. Scheier*
Michael L. Scheier
Brian P. Muething
Jacob D. Rhode
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
Email: mscheier@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com
Tel: (513) 579-6400
Fax: (513) 579-6457

*Counsel for Argent Trust Company*

## CERTIFICATE OF SERVICE

I certify that on February 28, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Michael L. Scheier*