**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

_____

**Appvion, Inc. Retirement Savings and**
**Employee Stock Ownership Plan,**

        Plaintiff**,**

    **v.**                    **Case No. 18cv1861**

**Buth** *et al.,*

        Defendants**.**

_____

**Civil L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION**
**FOR FURTHER LEAVE TO EXCEED PAGE LIMITATION**

      Plaintiff Appvion, Inc., Retirement Savings and Employee Stock Ownership Plan, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion, Inc. ("Plaintiff"), by Beus & Gilbert PLLC by L. Richard Williams and Leo R. Beus, and by The Previant Law Firm, S.C. by Sara J. Geenen, pursuant to Civil L.R. 7(h), requests further leave of the Court, in accordance with this Court's March 15, 2019 Order permitting Plaintiff to file a single, over-length responsive brief but that further leave was required if the brief was to exceed 60 pages in length. In support of the Motion, Plaintiff states as follows:

      1.      Plaintiff filed a detailed Complaint in this matter on November 26, 2018. *See* ECF 1. The First Amended Complaint ("FAC") was filed on January 8, 2019.

      2.      In light of the complex nature of this litigation and the number of claims and defendant groups, the parties stipulated to an extension of time to file responsive pleadings to the FAC until February 28, 2019. ECF 84.

3.      On February 28, 2019, eight Motions to Dismiss with supporting memoranda of 25 to 30 pages, each, were timely filed by Defendants Willamette (ECF 94, 95), the State Street Defendants (ECF 96, 97), Argent (ECF 101, 102), Former Officer and Director Defendants and Uninvolved Spouses (Doc 105, 106), the Stout Defendants (ECF 107, 108), the Houlihan Lokey Defendants (ECF 109, 110-1), Individual Trustee Employee Defendants (ECF 112, 113) and the Reliance Defendants (ECF 114, 115). The Motions raise some of the same or similar arguments in addition to other distinct legal arguments predicated on the same set of facts to which Plaintiff must respond.

4.      Under the Local Rules, Plaintiff could file a separate responsive brief of up to 30 pages to each Motion to Dismiss. Separate briefing, however, would result in redundant statements of relevant facts underlying this controversy, duplication of relevant legal arguments applicable to several Motions, and could total 240 pages. After considering the Motions to Dismiss, Plaintiff determined that filing a single brief responsive to all Motions would maximize efficiency and reduce duplication in the briefing process.

5.      Plaintiff and Defendants stipulated that this litigation is extraordinary as it is highly complex and involves a significant number of claims and defendant groups that warrants a departure from the rules as may ordinarily apply. (ECF 84, 119)

6.      On March 14, 2019, Plaintiff filed a Motion for Leave to Exceed the page limitations set by Local Rule 7(f) without specifying a number of pages. (ECF 120) At that time, Plaintiff was unable to estimate the number of pages necessary to adequately response to Defendants' arguments. On March 15, 2019, this Court granted that motion and, in the Order, specified "Plaintiff may file a single over-length brief up to 60 pages in length. A response brief in excess of 60 pages will require further leave of court." (ECF 122)

7.     Plaintiff has now had the opportunity to sufficiently review the Motions to Dismiss. Those Motions contain thirteen distinct legal arguments, each with several subparts and/or issues raised by multiple defendants, in addition to four further legal issues to which Plaintiff must respond. Several defendant groups also challenge whether Plaintiff satisfies the degree of specificity required by Fed. R. Civ. P. 9(b) to state a claim for fraud is satisfied, thus requiring that Plaintiff support his response with particularity.

8.     Plaintiff believes that he can sufficiently respond to the Motions to Dismiss in a 90-page brief. While 90 pages is a lot, it is substantially fewer pages than if Plaintiff responded to each Motion to Dismiss separately. Plaintiff will endeavor to further reduce the number of pages below 90.

9.     Plaintiff's counsel has notified Defendants of this request.

In light of the foregoing, Plaintiff respectfully requests that the Court grant him leave to file a single responsive brief of 90 or fewer pages.

Respectfully submitted this 2nd day of May, 2019.

By:     s/Sara J. Geenen
Frederick Perillo
Sara J. Geenen
**THE PREVIANT LAW FIRM, S.C.**
310 West Wisconsin Avenue, Suite 100 NW
Milwaukee, WI 53203
-and-
Leo R. Beus
L. Richard Williams
Abigail Terhune
Ashley Williams Hale
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, AZ 85008-6504
480-429-3001
Fax: 480-429-3100
docket@beusgilbert.com
Attorneys for Plaintiff