**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
<u>GREEN BAY DIVISION</u>**

| | |
|---|---|
| Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Douglas P. Buth and Gayle Buth, husband and wife; et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No.: 18-cv-01861 ) ) ) ) ) ) |

**MOTION TO FILE SUPPLEMENTAL BRIEFING RE DEFENDANTS HOULIHAN LOKEY CAPITAL, INC., HOULIHAN LOKEY FINANCIAL ADVISORS, INC., LOUIS PAONE AND ROSEMARY PAONE'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS [DOC. 146]**

Plaintiff hereby seeks leave to file supplemental briefing, attached hereto as **Exhibit A**, presenting additional caselaw and accompanying argument in response to Defendant Houlihan Lokey Capital, Inc. Houlihan Lokey Financial Advisors, Inc.'s, Louis Paone's, and Rosemary Paone's (collectively "Houlihan") Memorandum in Support of Motion to Dismiss on the limited issue of Plaintiffs' state law claim for breach of fiduciary duty. Dkt. No. 110-1. Good cause exists to supplement the record because Plaintiff maintains throughout its consolidated response that Houlihan was a fiduciary and owed duties to Plaintiff. Yet, Houlihan argues Plaintiff has failed to adequately address Houlihan's arguments.

In eight separate motions, Defendants collectively made approximately 60 arguments covering roughly 200 pages in initial response to Plaintiff's First Amended Complaint.[1] Houlihan argues, in its reply, that Plaintiff failed to respond to Houlihan's argument that it was not a fiduciary under Wisconsin state law.  However, much of Plaintiff's consolidated response indicates that Plaintiff maintains that Houlihan is a fiduciary based on facts presented in the First Amended Complaint.  Resp. at 1, 4, 13, 19-20, 29, 63-64.  Plaintiffs even discuss the fact that Houlihan's state law breach of fiduciary duty is not pre-empted by ERISA.  Resp. at 63-64.

Plaintiffs are permitted to remedy "mere oversight" in responding to a Motion to Dismiss by amending the complaint or providing a supplemental response in some form.  *U.S. ex rel. Miller v. SSM Health Care Corp.*, 2014 WL 631635, *2 (W.D. Wisc. 2014) (providing plaintiff option to amend complaint or file a motion for reconsideration that includes the argument missing from her brief.); *see also Schumacher v. Swiss Colony, Inc.*, 2007 WL 5515308, *3 (2007) (finding waiver where failure to respond to arguments was a "strategic decision rather than a mere oversight.").

Plaintiff's failure to provide case law in support of its position that Houlihan was a fiduciary was mere oversight and not a strategic decision as evidenced by Plaintiff's discussions of Houlihan as a fiduciary and Plaintiff's discussion as to the pre-emption of this state law fiduciary duty claim.  Plaintiff believes that there is sufficient factual support in its consolidated response (and certainly in the FAC) for the Court to find Plaintiff adequately pled the existence

---

[1] This excludes the reply briefing which is approximately 110 additional pages of briefing for a total of approximately 310 pages.  Conversely, Plaintiff's argument only spans 90 pages – less than one third the briefing space the Defendants have had.

of a fiduciary relationship and duty. However, because Houlihan has asserted Plaintiff failed to properly respond, Plaintiff seeks to supplement his response.

Houlihan will not be prejudiced by this additional briefing because it is limited and no oral argument on these motions has been set. Conversely, Plaintiff may be prejudiced if this Court grants the Houlihan Defendants' Motion to Dismiss resulting in the loss of a claim on the basis of a technicality rather than the merits.

For the above reasons, Plaintiff respectfully requests the Court grant him leave to file the supplemental brief attached hereto as **Exhibit A**.

Dated: 11 July 2019 Respectfully submitted,

       */s/ L. Richard Williams*
Leo R. Beus (admitted *pro hac vice*)
L. Richard Williams (admitted *pro hac vice*)
Abigail Terhune (admitted *pro hac vice*)
Ashley Williams Hale (admitted *pro hac vice*)
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, AZ 85008-6504
480-429-3001
Fax: 480-429-3100
docket@beusgilbert.com

Frederick Perillo
Sara J. Geenen (Wis. Bar 1052748)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Ste. 100 MW
Milwaukee, WO 53203
sjg@previant.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on 11 July 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System, which constitutes service upon all counsel of record.

*/s/ L. Richard Williams*
