UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
**GREEN BAY DIVISION**

| | |
|---|---|
| Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion, Inc., <br><br>  Plaintiff, <br><br> v. <br><br> Douglas P. Buth and Gayle Buth, husband and wife; et al., <br><br> Defendants. | Civil Action No.: 18-cv-01861 |

## DECLARATION OF GRANT LYON

### I. AVERMENT OF PURPOSE, COMPETENCY, AND ACCURACY OF EXHIBITS

1. I make this Declaration in support of Appvion, Inc Retirement Savings and Employee Stock Ownership Plan's Oppositions to Motions to Dismiss the Second Amended Complaint in the above-captioned matter.

2. I am over twenty-one years of age and make this Declaration from personal knowledge based on information reviewed and/or referenced herein.

3. Attached hereto as Exhibit A is a true and accurate recitation of my work experience and qualifications.

4. Attached hereto as Exhibit B is a true and correct copy of the Appvion ESOP Committee Report dated 1 September 2017.

### II. QUALIFICATIONS

5. I have attached my resume to this Declaration as **Exhibit A**. When I was appointed as the sole member of Appvion's ESOP Committee, I had over 30 years of experience in corporate

restructuring, expert testimony and corporate governance. I have served on numerous boards of directors, all of which involve companies in distress and/or needing an independent board member. I have also served as the financial advisor to the Government of the Commonwealth of the Bahamas. I have served numerous times as a Chapter 11 Trustee, state-court receiver, chief executive officer, chief financial officer, and chief restructuring officer.

6. I have testified over 30 times in numerous jurisdictions, including bankruptcy court, federal district court and state court. As reflected on my resume, I have been an expert witness on valuation issues.

7. In addition, the bankruptcy related assignments I have participated in virtually all valuation issues that I have been required to analyze. I have also been involved in many forensic accounting projects including those that involve financial fraud. I hold a Bachelor of Science degree (magna cum laude) from Brigham Young University (1987). I also hold an MBA (high distinction) from Brigham Young University (1989).

### III. INVESTIGATION AT APPVION

8. As a result of Appvion's rapidly declining financial condition, I was asked to replace the prior members of Appvion's ESOP Committee in August 2017. I had no prior relationship with Appvion or any of its management.

9. As a result of my review of the Stout valuations together with Appvion audited financial statements, I concluded, among other things, that each Stout valuation had been inflated because it did not subtract Appvion's post-retirement debt ("Pension" and "post-retirement obligations other than pension") from PDC's enterprise value when calculating PDC's equity value.

10. In my review of the valuations, I saw nothing that would cause me to believe that Stout had either explicitly or implicitly reduced PDC's equity value in any of its valuations by the amount of Appvion's post-retirement debt.

11. In connection with my investigation, I asked the ESOP's trustee, Steve Martin of Argent, why the valuations did not adjust for the unfunded pension debt.

12. I included Argent's response in a PowerPoint presentation entitled "Appvion ESOP Committee Report" which was dated 1 September 2017 which I have attached as **Exhibit B** to this Declaration. It states:

> Currently, no deduction has been given for unfunded pension liability. I asked Argent why they haven't adjusted equity for the unfunded liability. <u>They have discussed the issue with SRR and may need to start including a portion of all of it in determining equity value</u>. With the change in CFO, Argent is still reviewing the impact (if any) on the change in CFO and impact on valuation. Just too soon to determine yet.

Appvion ESOP Committee Report, 1 Sep 17, p. 7 (emphasis added).

13. Specifically, Steve Martin did not tell me the unfunded pension liability had already been incorporated into PDC's valuation to reduce PDC's equity value.

14. I gave Steve Martin a copy of my PowerPoint presentation to review for correctness. Argent made no objections to its content.

15. It was important for me to know if either Argent or Stout objected to my conclusions regarding the post-retirement debt, or other issues I raised in the PowerPoint presentation, because I had to decide whether to recommend that the ESOP stop trading in PDC stock.

16. I will not repeat here the other factual statements contained in the Second Amended Complaint regarding my investigation, but when I read for the first time in Stout's Motion to

3

Dismiss the factual assertion that they had "implicitly" included the pension liability in their valuations, I thought it important to explain my interaction with Argent on that issue.

17. No later than 1 September 2017, I recommended that Appvion stop trading in PDC stock.

## IV. AVERMENT PURSUANT TO 28 U.S.C. § 1746

I, Grant Lyon, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February, 2021.

By: Grant Lyon
Its: Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan Administrative Committee Member