**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| APPVION, INC. RETIREMENT SAVINGS AND EMPLOYEE STOCK OWNERSHIP PLAN, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion Inc., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:18-cv-01861-WCG |
| v. | ) | |
| ARGENT TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |

## FEDERAL RULE 26(F) REPORT

Pursuant to this Court's Order dated September 6, 2022, and pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 26, the parties met and conferred on September 14, 2022, and submit the following Report.

**1. Proposed changes in the timing, form, or requirement for disclosures under Rule 26(a) (FRCP 26(f)(3)(A)).**

The parties propose that initial Rule 26(a) disclosures be exchanged on or before December 1, 2022. Currently, the Parties do not anticipate a need for any other changes to the disclosures required under Rule 26(a).

**2. Subjects on which discovery may be needed, when discovery should be completed, whether discovery should be completed in phases (FRCP 26(f)(3)(B)).**

The parties propose that discovery be completed on or before March 15, 2024.

*Plaintiff* anticipates that discovery will be needed on all issues as alleged in the Second Amended Complaint against Defendant Argent, including but not limited to Defendant Argent's liability, causation and damages.

*Defendant Argent* anticipates that discovery will be needed on issues related to those claims against Argent that have been found by the Court to state a claim including valuation issues and fiduciary conduct, on class action certification and on Argent's affirmative and/or statutory and/or other defenses.

3. **Issues regarding discovery, disclosure, or preservation of electronically stored information (FRCP 26(f)(3)(C); Local Rule 26).**

The parties anticipate that both sides will be required to disclose and will be requested to disclose electronically stored information ("ESI"). The parties do not anticipate any unusual circumstances with respect to the preservation, disclosure or discovery of ESI and intend to work together in good faith on the best means to exchange relevant and discoverable ESI in an effort to minimize the burden of production on the parties.

4. **Issues regarding claims of privilege or of protection as trial-preparation materials (FRCP 26(f)(3)(D); Local Rule 26).**

Currently, the parties do not anticipate any unusual issues relating to claims of privilege or work product. The parties jointly request that the Court issue a Federal Rule of Evidence 502(d) order to the effect that the inadvertent production of privileged information or attorney work product does not constitute a waiver of the privilege or any other similar protection. The parties agree to submit an appropriate proposed order to the Court.

5. **Changes or limitations on discovery (FRCP 26(f)(3)(E)).**

The parties do not propose any changes or limits to discovery beyond those provided in the Federal and Local Rules.

## 6. Proposed Discovery Plan:

### a. Deadline for the completion of fact discovery

The parties propose an initial exchange of documents by December 1, 2022. The parties propose a deadline of October 31, 2023 for the completion of fact discovery, including the completion of written discovery and the depositions of parties, lay witnesses and corporate representatives.

### b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C)

The parties propose a deadline of December 21, 2023 for affirmative expert reports and February 21, 2024 for rebuttal expert reports.

### c. Deadline for completion of all expert depositions

The parties propose a deadline of March 4, 2024, for the completion of all expert depositions.

### d. Deadline for filing dispositive motions

The parties propose a deadline of April 15, 2024 for filing dispositive motions.

## 7. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1

Argent may seek from the Court a certification to take an interlocutory appeal of the Court's order denying its motion to dismiss pursuant to 28 U.S.C. section 1292(b), and a related motion to stay this case should the Court grant Argent's leave to take an interlocutory appeal. Plaintiff may seek entry of an order under Federal Rule of Civil Procedure 54(b) regarding the Court's order dismissing other defendants.  If such motions are to be filed, the parties will do so before the Court's scheduling conference scheduled for October 5, 2022.

3

Respectfully submitted this 28th day of September 2022.

/s/ Abigail Terhune
Frederick Perillo
Sara J. Geenen (Wis. Bar 1052748)
THE PREVIANT LAW FIRM, S.C.
310 West Wisconsin Avenue, Ste. 100 MW
Milwaukee, WI 53203
sjg@previant.com

*Local counsel for Plaintiff*

Leo R. Beus
L. Richard Williams
Abigail M. Terhune
BEUS GILBERT MCGRODER PLLC
701 North 44th Street
Phoenix, AZ  85008-6504
docket@beusgilbert.com

*Attorneys for Plaintiff*


William P. McKinley SBN # 1072959
MENN LAW FIRM, LTD.
2501 E. Enterprise Ave.
Appleton, Wisconsin 54912
William-Mckinley@mennlaw.com

-and-

/s/ Michael L. Scheier with permission
Michael L. Scheier
Brian P. Muething
Jacob D. Rhode
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
mscheier@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com

*Counsel for Argent Trust Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that on 28 September 2022, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System, which constitutes service upon all counsel of record.

*/s/ Lisa Hoogervorst*