UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPVION, INC. RETIREMENT SAVINGS AND EMPLOYEE STOCK OWNERSHIP PLAN, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion Inc.,<br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ARGENT TRUST COMPANY,<br>　　　　　　　　　　　Defendant. | Case No.: 1:18-cv-01861-WCG |

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 54(b)

### I. INTRODUCTION

Plaintiff Appvion Inc. Retirement Savings and Employee Stock Ownership Plan, by and through Grant Lyon ("Lyon"), moves the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) on its dismissal of all claims against defendants Douglas P. Buth, Paul J. Karch, Mark Richards, Tom Ferree, Rick Fantini, Dale E. Parker, Angela Tyczkowski, Kerry Arent, Kent Willetts, Susan Scherbel, Ronald Pace, Stephen Carter, Kathi Seifert, Andrew Reardon, Terry Murphy, Mark Suwyn, Kevin Gilligan, Houlihan Lokey Capital Inc., Houlihan Lokey Financial Advisors Inc., State Street Bank and Trust Company, Reliance Trust Company, Scott Levine, Aziz El-Tahch, Stout Risius Ross, Inc., and Stout Risius Ross, LLC (collectively the "Dismissed Defendants").

Rule 54(b) provides "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but

1

fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As explained below, the Court's Order Adopting Magistrate Judge's Report and Recommendation filed September 6, 2022 ("Order") satisfies Rule 54(b)'s requirements as to the claims against the Dismissed Defendants. Because there is no just reason for delay, Lyon respectfully requests entry of final judgment as to these defendants pursuant to Rule 54(b).

## II.     ARGUMENT

Rule 54(b) sets forth three requirements for its application: (1) that the action involve multiple parties or claims for relief; (2) that at least one claim or the rights and liabilities of at least one party be finally decided; and (3) that no just reason exists for delaying entry of final judgment. *Loc. P–171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1069–1072 (7th Cir. 1981); 10 Wright, Miller & Kane, FED. PRAC. & PROC. CIV. § 2656 (4th ed.). Each of these requirements is met here.

### A.     This Action Involves Multiple Defendants.

Lyon brought this action against multiple defendants. All claims against the Dismissed Defendants have been adjudicated, leaving only two claims pending against defendant Argent Trust Company ("Argent"). There is accordingly no question that the multiplicity requirement is met as to the Dismissed Defendants. *See* 10 James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE § 54.22[2][c] (3d ed. 2022) (Rule 54(b) may be applied where court has made final adjudication of all claims as to one or more parties).

### B.     The Court Should Confirm that Its Dismissal of Claims Against the Dismissed Defendants Is "With Prejudice" and Therefore Final.

Before entering a Rule 54(b) judgment, "[a] district court must . . . determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)

2

(citation omitted). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.*

The Court's Order is a final adjudication of all claims against the Dismissed Defendants. Although the Order does not expressly dismiss the claims against these defendants with prejudice, Lyon does not believe that further amendments would cure what the Court views as the defects in these claims. Lyon therefore respectfully requests that the Court confirm the finality of its Order by expressly dismissing all claims against these defendants "with prejudice."[1] This will "end[] the litigation" as to all claims against the Dismissed Defendants and "leave[] nothing for the court to do except execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

### C. No Just Reason Exists for Delaying Entry of Final Judgment.

The Advisory Committee's notes accompanying Rule 54(b) observe that the rule was intended to be reserved for "the infrequent harsh case." Fed. R. Civ. P. 54(b) Advisory Committee's note to 1946 amendment. The moving party "bears the burden of showing it will suffer unjust harm if final judgment is delayed." *Architectural Floor Prod. Co. v. Don Brann & Assocs., Inc.*, 551 F. Supp. 802, 808 (N.D. Ill. 1982). However, "the district court may properly consider all of the consequences of a final judgment or the lack thereof and balance the competing interests of the parties in the context of the particular case." *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 n. 7 (7th Cir. 1980).

This case is precisely the type of "infrequent harsh case" in which a Rule 54(b) judgment is appropriate. Lyon is only nominally the plaintiff. The actual recipients of any damages award

---

[1] For the sake of any future appeal as to Argent, the Court should also confirm that its dismissal of claims against Argent for co-fiduciary liability and securities fraud is "with prejudice."

3

against the Dismissed Defendants would be the ESOP participants who were persuaded to invest hundreds of millions of dollars from their 401k plans to purchase Appvion from its previous owner, only to watch their retirement nest eggs vanish when Appvion's stock value precipitously declined and the company eventually went bankrupt. Many of these participants are now retired and some may not have long to live.

This case has dragged on for four years. As evidenced by the parties' Federal Rule 26(f) Report, it will likely take another one-and-a-half to two years before discovery is completed and the remaining claims against Argent can be tried. Delaying entry of final judgment would mean that Lyon could not even begin to appeal the dismissal of claims against the Dismissed Defendants until mid- to late-2024. If Lyon's appeal is successful, it would then take another several years before the claims against these defendants could be tried. In the meantime, witnesses' memories will fade and evidence will potentially be lost. The ESOP participants literally cannot afford to wait this long, and it would be manifestly unjust to force them do so as this would mean some of them would never see a recovery against the Dismissed Defendants in their lifetimes, even if Lyon were to prevail on appeal and in a subsequent trial.

By contrast, a Rule 54(b) judgment would cause no hardship to the Dismissed Defendants. Indeed, they would benefit from a prompt, final resolution of the claims against them. There is accordingly no just reason why Lyon should have to wait until the claims against Argent are resolved before he can obtain appellate review as to the Dismissed Defendants.

### III.     CONCLUSION

For the above-stated reasons, Lyon respectfully moves the Court to: (1) clarify that its dismissal of claims against the Dismissed Defendants is "with prejudice"; and (2) enter final judgment pursuant to Rule 54(b) on those claims.

Respectfully submitted this 4th day of October 2022.

>    */s/ Abigail Terhune*
>    Frederick Perillo
>    Sara J. Geenen (Wis. Bar 1052748)
>    The Previant Law Firm, S.C.
>    310 West Wisconsin Avenue, Ste. 100 MW
>    Milwaukee, WI 53203
>    sjg@previant.com
>
>    *Local counsel for Plaintiff*
>
>    Leo R. Beus
>    L. Richard Williams
>    Abigail Terhune
>    BEUS GILBERT MCGRODER PLLC
>    701 North 44th Street
>    Phoenix, AZ  85008-6504
>    480-429-3001
>    Fax:  480-429-3100
>    docket@beusgilbert.com
>
>    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 4 October 2022, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System, which constitutes service upon all counsel of record.

*/s/ Chelsea Van Horn*