UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPVION, INC. RETIREMENT SAVINGS AND EMPLOYEE STOCK OWNERSHIP PLAN, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> ARGENT TRUST COMPANY, <br><br> Defendant. | Case No. 1:18-cv-01861-WCG |

## STOUT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 54(b)

The Stout Defendants[1] file this Opposition to Plaintiff's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. Rule 54(b) (Dkt. No. 267) (the "Motion") and in support thereof state as follows:

1. The Stout Defendants join and incorporate by reference the Opposition of the Dismissed Director and Officer Defendants to Plaintiff's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. Rule 54(b) (Dkt. No. 271).

2. The Stout Defendants further submit that the Court should deny Plaintiff's Motion because there is significant evidentiary overlap between the dismissed federal securities fraud claim asserted against the Stout Defendants and the breach of fiduciary duty and prohibited transaction claim asserted against the sole remaining defendant, Argent Trust Company ("Argent").

---

[1] "Stout Defendants" refers to Stout Risius Ross, Inc.; Stout Risius Ross LLC; Scott Levine; and Aziz El-Tahch. "Stout" refers to the two Stout corporate entities together.

1

3. Plaintiff's federal securities fraud claim against the Stout Defendants is predicated on Stout's allegedly "false" representations of the fair market value of the stock of Paperweight Development Corporation ("PDC") in the reports it prepared for Argent in Argent's capacity as Trustee of the Appvion Retirement Savings and Employee Stock Ownership Plan (the "ESOP"). Dkt. No. 235 at 63-64. Plaintiff's federal securities fraud claim is rooted in purported "errors" in Stout's valuation opinions, including, *inter alia*, Stout's reliance on the projections prepared by Appvion's management, Stout's treatment of Appvion's pension liability, Stout's purported failure to subtract interest-bearing debt from the valuations and Stout's application of a control premium. Dkt. No. 248 at 5-7. Plaintiff argued (unsuccessfully) that the Stout Defendants' valuation "errors" were so "material and obvious" that they must amount to scienter to engage in federal securities fraud. *Id.* at 8.

4. Plaintiff's remaining claims against Argent are rooted in the evidentiary predicate that (1) Stout prepared allegedly "flawed" valuations of PDC stock, and that (2) Argent adopted Stout's "flawed" valuations and thereby breached its fiduciary duty and engaged in a prohibited transaction under ERISA by causing the ESOP to purchase PDC stock for an inflated value. *See* Dkt. No. 235 at 55. In sum, the remaining claims against Argent are premised on the same set of factual allegations that, according to Plaintiff, also support his theory that Stout's valuations were "flawed." Plaintiff relies on the very same purported laundry list of valuation "errors" that underly the factual allegations giving rise to his dismissed federal securities fraud claim against the Stout Defendants to allege that Argent breached its fiduciary duty and engaged in a prohibited transaction. As the Magistrate Judge noted, Plaintiff's federal securities fraud claim against the Stout Defendants "***repeats the allegations of fiduciary imprudence that [Plaintiff] levied against every other defendant*** (i.e., inexplicable control premium, unfunded pension debt, rounding,

2

unreasonable reliance on internal projections, an unreasonable discount for marketability, flawed methodology, etc.)." *Id.* at 64 (emphasis added). Indeed, the Magistrate Judge relied on Plaintiff's factual allegations regarding the purported valuation "errors" to hold that Plaintiff plausibly alleged that Argent breached its duty of prudence. *See, e.g.*, *id.* at 58 ("[T]he complaint further alleges that Argent's Steve Martin was aware of a valuation problem resulting from the failure to subtract certain debt; the matter was discussed with SRR but no immediate change occurred."); *id.* at 59 ("The SAC also states that Argent imprudently failed to challenge the control premium SRR applied.").

5. It follows that Plaintiff's federal securities fraud claim against the Stout Defendants and the remaining breach of fiduciary duty and prohibited transaction claims against Argent share a nearly identical factual predicate. This "significant evidentiary overlap renders [] Rule 54(b) judgment inappropriate." *Lottie v. West Am. Ins. Co.*, 408 F.3d 935, 940 (7th Cir. 2005).

6. For all of the foregoing reasons, and for the reasons set forth in the Opposition of the Dismissed Director and Officer Defendants to Plaintiff's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. Rule 54(b), the Stout Defendants respectfully request that the Court deny Plaintiff's Motion.

3

Case 1:18-cv-01861-WCG   Filed 10/20/22   Page 3 of 4   Document 272

Dated: October 20, 2022

Respectfully submitted,

By: */s/ Lars C. Golumbic*
Lars C. Golumbic
Kara Petteway Wheatley
Andrew D. Salek-Raham
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Phone: 202-861-6615
Fax: 202-659-4503
lgolumbic@groom.com
kwheatley@groom.com
asalek-raham@groom.com

-and-

Ross W. Townsend (Wis. Bar No. 1011622)
Law Firm of Conway, Olejniczak & Jerry
231 South Adams Street, P.O. Box 23200
Green Bay, WI 54305-3200
Telephone: (920) 437-0476
Facsimile: (920) 437-2868
rwt@lcojlaw.com

*Attorneys for the Stout Defendants*