UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| APPVION, INC. RETIREMENT SAVINGS AND EMPLOYEE STOCK OWNERSHIP PLAN, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS P. BUTH, *et al*.,<br><br>Defendants. | Civil Action No. 18-cv-1861<br><br>Chief Judge William C. Griesbach |

**STATE STREET'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED R. CIV. P. 54(b)**

State Street Bank and Trust Company ("State Street") joins in the Dismissed D&O Defendants' Opposition to Plaintiff's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 271, "D&O Defendants' Opposition"), and submits this brief in further opposition to Plaintiff's Motion as it relates to State Street.

## PRELIMINARY STATEMENT

The Court should deny Plaintiff's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 267, "Motion") because Plaintiff failed to satisfy his burden to show there is "no just reason for delay[ing]" entry of a partial judgment as to State Street, as required under Rule 54(b). *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011).

On the contrary, as the D&O Defendants demonstrated in their opposition brief, and as State Street explains further below, this is not an appropriate case for a Rule 54(b) judgment because the dismissed claims have significant evidentiary overlap with the remaining claims against Argent Trust Company ("Argent"). Both remaining claims concern the same alleged fraudulent scheme to inflate valuations of Paperweight Development Corp. ("PDC") stock, and related issues with the methodology and information considered in valuing PDC, that underlie the dismissed claims against State Street (and the other Dismissed Defendants).[1] Thus, issuing a final judgment now would risk piecemeal appeals concerning the same or similar issues—which the Supreme Court and the Seventh Circuit have explicitly decried. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707, 710 (7th Cir. 1987).

This would be an inefficient use of judicial resources and would prejudice State Street by having to defend the dismissal of claims against it while the Court evaluates issues pertaining to

---

[1] Defined terms as used in this brief have the definitions used in the Motion, unless otherwise defined herein.

the merits of the claims against Argent that may ultimately moot some or all of the issues Plaintiff may appeal. *See Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (rejecting Rule 54(b) judgment where overlapping issues may be mooted by remaining claims); *U.S. v. Ettrick*, 916 F.2d 1211, 1218 (7th Cir. 1990) (refusing to apply Rule 54(b), which "has the potential to multiply litigation costs for parties and the appellate court"). Further, entering a Rule 54(b) judgment now could prolong the current action against Argent and force the Seventh Circuit to "relearn[] the facts" of Plaintiff's sprawling case should a judgment later be entered on the remaining claims. *Gen. Ins. Co. of Am.*, 644 F.3d at 379. Each of these concerns counsel against the entry of a judgment until after all potentially overlapping facts and issues are resolved in the ongoing action. *Id.* (rejecting Rule 54(b) judgment because claims still before the court would encompass or be "substantially intertwined" with merits of certain issues on appeal); *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-C-16, 2011 WL 4585343, at *1-2 (E.D. Wis. Sept. 30, 2011) (Griesbach, J.) (denying Rule 54(b) motion due to overlapping facts and potential for successive appeals). Thus, Plaintiff's Motion should be denied.[2]

## ARGUMENT

State Street does not dispute that the Order adopting the Magistrate's Report and Recommendation was intended to dismiss the claims against State Street (and the other Dismissed Defendants) with prejudice. *See* ECF No. 262 at 2; Motion at 3. Nor does State Street disagree with Plaintiff's admission that no "further amendments would cure . . . the defects in these claims" identified by the Court. Motion at 3. But a dismissal with prejudice is not determinative of whether a Rule 54(b) judgment is appropriate here. Rather, under Rule 54(b),

---

[2] In further support of this opposition, State Street incorporates by reference the oppositions to Plaintiff's Motion submitted by the other Dismissed Defendants in this action, and joins in their arguments to the extent such arguments are applicable to and support the denial of Plaintiff's Motion for an entry of a final judgment in this matter for State Street or any other Dismissed Defendant while this action is ongoing and any claim remains against Argent.

Plaintiff has the burden to show "there is no just reason for delay" in entering a partial final judgment while other claims persist. *Gen. Ins. Co. of Am.*, 644 F.3d at 379 (quoting Fed. R. Civ. P. 54(b)); *FM Prod. Inc. v. Classic Gears & Machining, Inc.*, No. 20-C-79, 2021 WL 824086, at *1 (E.D. Wis. Mar. 4, 2021) (Griesbach, J.).

As demonstrated in the D&O Defendants' Opposition (at 3-10), which State Street joins, Plaintiff clearly failed to satisfy this burden. In fact, Plaintiff does not even attempt to argue that his remaining claims do not overlap with his dismissed claims against State Street (or any other Dismissed Defendant). Nor could he because, as the D&O Defendants established in their Opposition (at 6-8), each of the claims against the Dismissed Defendants concerns the core allegation that the D&O Defendants and six independent service providers—including former ESOP trustees State Street, Reliance, and Argent—engaged in a "fraudulent scheme to inflate" the price of PDC stock. *See, e.g.*, ECF No. 235, at 1-4, 6, 21-22, 36-37, 46-47, 54-55, 63-64 ("Report & Recommendation").

State Street, as trustee for the ESOP between 2001 and March 2013, is alleged to have been responsible for setting the price of PDC stock biannually, and retaining an outside independent expert appraiser to conduct those valuations. *See* Report & Recommendation at 36-37, 40-42. Plaintiff further alleged that because the PDC stock valuations were purportedly inflated as a result of the alleged "fraudulent scheme" involving multiple Dismissed Defendants, and because State Street failed to ensure that the independent appraiser's valuations properly accounted for certain retirement debt and other considerations, State Street: (1) breached fiduciary duties when it adopted the independent expert stock valuations (Count III); and (2) engaged in prohibited transactions because they each caused the ESOP to purchase PDC stock for an inflated value (Counts XXI-XXII). *Id.* at 36-38, 40-42.

3

The same alleged fraudulent scheme and purported valuation issues are central to Plaintiff's remaining claims against Argent, who served as a successor trustee for the ESOP after State Street and retained the same appraiser (Stout Risius Ross ("SRR")) used by State Street to perform the biannual valuations of PDC's stock.[3] Similar to Count III, Plaintiff alleges in Count II "that Argent breached its fiduciary duties of prudence, loyalty, and disclosure when it adopted SRR's . . . valuations" of PDC stock. *Id.* at 55. Likewise, similar to Counts XXI and XXII, Plaintiff alleges in Count XXIV that "Argent engaged in a prohibited transaction because it caused the ESOP to purchase PDC stock for an inflated value." *Id*. Plaintiff alleges no material difference in Argent's use of SRR as distinguished from State Street's.

In adopting the Report and Recommendation, the Court correctly found that State Street possesses at least several dispositive defenses and temporal distinctions that required dismissal of the claims against State Street. *See* Report & Recommendation at 38-44; Order at 1-2. Additionally, the Court correctly found that the SAC contains certain factual allegations against Argent that are distinguishable from those made against State Street, which led the Court to permit two claims against Argent to proceed. *See* Report & Recommendation at 54-55; ECF No. 250, at 11-13. However, that *some* of State Street's defenses are different from those of Argent does not counsel in favor of entry of a Rule 54(b) judgment on the dismissed claims, because other closely related issues that overlap between the Defendants remain before the Court. *Horn*, 898 F.2d at 592 ("Even when claims are separate, an appeal ought not follow as of course").

As the Seventh Circuit has explained, "[t]he final judgment rule, and the limits on the propriety of entering Rule 54(b) judgments, are designed in part to ensure that a single set of

---

[3] State Street served as the trustee for the ESOP between 2001 and Mach 2013, at which point it was replaced by Reliance, who was ultimately replaced by Argent in 2014. *See* Report & Recommendation at 36, 46, 54.

factual and legal questions comes before the court of appeals but once—and then *only after all closely related issues* have been resolved in the district court." *Sandwiches*, 822 F.2d at 710 (rejecting Rule 54(b) judgment in case involving multiple parties) (emphasis added); *see also Curtiss-Wright Corp.*, 446 U.S. at 8 (stating that application of Rule 54(b) must "effectively 'preserve[] the historic federal policy against piecemeal appeals'") (citation omitted). Even in a case where there "are a number of individual . . . claims that may be considered distinct," a Rule 54(b) judgment still should not be entered where an appeal of the remaining claims "would involve almost the exact same issues and . . . analysis." *Appleton Papers Inc.*, 2011 WL 4585343, at *1-2 (denying Rule 54(b) motion despite distinct legal and equitable claims to avoid "piecemeal appeal" involving the same or similar issues); *Vanwinkle v. Nichols*, No. 1:15-cv-01082, 2016 WL 827250, at *3 (S.D. Ind. Mar. 3, 2016) (same). Otherwise the Seventh Circuit may be presented with "piecemeal appeals" concerning issues that may later be mooted by the resolution of remaining claims in the ongoing action. *Appleton Papers Inc.*, 2011 WL 4585343, at *1-2 (quoting *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F. 2d 1441, 1444 (7th Cir. 1988)); *Gen. Ins. Co. of Am.*, 644 F.3d at 379; *Horn*, 898 F.2d at 592. Indeed, "[a] significant possibility that the claim will go away . . . makes improvident the parties' and the judges' investment of resources to produce a speedy appellate ruling." *Horn*, 898 F.2d at 592.

Here, Plaintiff's remaining claims against Argent will likely turn, at least in part, on the Court's findings concerning the reasonableness of SRR's appraisal methodology, the relative accuracy of the resulting valuations, and the reasonableness of the trustee in accepting those valuations. *See* Report & Recommendation at 58-60. Should the Court find that SRR's valuations were based on sound valuation methodologies, as State Street expects the Court

5

ultimately will if this action proceeds,[4] it would serve as yet another ground for dismissal and/or entry of a judgment in State Street's favor. *See* ECF No. 250 at 11 & n.6. This could effectively moot any issues Plaintiff may intend to raise on appeal against State Street (and likely any other Dismissed Defendant), and could serve as alternative basis for affirming the Court's order in favor of State Street, which "suggests that appellate resolution should be deferred." *Horn*, 898 F.2d at 592; 10 Fed. Prac. & Proc. Civ. § 2659; *see also Appleton Papers Inc.*, 2011 WL 4585343, at *1-2 ("[I]f elements of a case have factual or legal overlap . . . an appeal should not be authorized"). Meaning, the entry of final judgment now could create the very type of piecemeal appeal that federal courts have long sought to avoid by having the court of appeals address issues of State Street's liability once, and—if the court were to reverse judgment for State Street—potentially yet again after a final judgment as to Argent's liability is rendered. *See, e.g.*, *Hohorst v. Hamburg-Am. Packet Co.*, 148 U.S. 262, 264-65 (1893) (citing cases).

To the extent a judgment may one day be entered on the remaining claims against Argent, it is more appropriate for Plaintiff to raise all issues he may have for appeal at once for an additional reason. Namely, proceeding with all appeals only after the entire litigation is resolved, in the normal course, would have the desired effect of "spar[ing] the court of appeals from having to keep relearning the facts" of this sprawling case on "successive appeals," which is another frequently cited ground for denying a Rule 54(b) motion. *Appleton Papers Inc.*, 2011 WL 4585343, at *1-2 (quoting *Ind. Harbor Belt R.R.*, 860 F. 2d at 1444); *Gen. Ins. Co. of Am.*, 644 F.3d at 379. It also would avoid "multipl[ying] the costs of litigation for opposing parties

---

[4] As the independent appraisal expert (SRR) demonstrated in its motion to dismiss based on documents that were available in the record, each of the challenged appraisals during the trustees' tenure was based on sound valuation methodologies that reasonably and accurately accounted for the various considerations raised in Plaintiff's Opposition. ECF No. 204 at 13-27 (showing that SRR's treatment of alleged control premium, management projections, pension liabilities, and marketability all comported with valuation treatises).

and for the appellate court," which are interests the Seventh Circuit has stated "deserve thoughtful consideration." *Horn*, 898 F.2d at 592.

Thus, the Court should deny Plaintiff's Motion because entering a Rule 54(b) final judgment now on the dismissed claims would risk costly piecemeal appeals that Rule 54(b) is meant to guard against, and would be inefficient and waste of judicial resources should the Seventh Circuit be required to take up the same or closely related issues in multiple appeals.

## CONCLUSION

For the foregoing reasons, and those stated in the D&O Defendants' Opposition (ECF No. 271) and any other Dismissed Defendants' briefs, the Court should deny Plaintiff's Motion for entry of a Rule 54(b) final judgment as to State Street.

Dated: October 20, 2022

Respectfully submitted,

*/s/ Matthew L. Riffee*
Matthew L. Riffee

**GOODWIN PROCTER LLP**

James O. Fleckner
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
(617) 523-1231 (Fax)
jfleckner@goodwinlaw.com

Gabrielle L. Gould
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
(212) 355-3333 (Fax)
ggould@goodwinlaw.com

Matthew L. Riffee
1900 N Street, NW
Washington, DC 20036

(202) 346-4000
(202) 346-4444 (Fax)
mriffee@goodwinlaw.com

**T. WICKHAM SCHMIDT, ESQ.**
**A PROFESSIONAL SERVICE CORP.**

T. Wickham Schmidt (WI #1062002)
130 E. Walnut St., Ste. 800
Green Bay, WI 54301
(920) 759-8115
(920) 759-8105 (Fax)
wick@twslawgb.com

*Attorneys for State Street Bank and Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

/s/ Matthew L. Riffee
Matthew L. Riffee