UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPVION INC. RETIREMENT SAVINGS AND
EMPLOYEE STOCK OWNERSHIP PLAN, by
and through Grant Lyon in his capacity as the
ESOP Administrative Committee of Appvion Inc.,

        Plaintiff,

        v.        Case No. 18-C-1861

ARGENT TRUST COMPANY,

        Defendant.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)

Grant Lyon commenced this action in his capacity as the sole member of Appvion's Employee Stock Ownership Plan Administrative Committee (the ESOP Committee) on behalf of the Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan (ESOP). Plaintiff filed its complaint on November 26, 2018, and filed a first amended complaint on January 8, 2019. The court granted Defendants' motions to dismiss the first amended complaint, finding that Plaintiff failed to state a claim upon which relief may be granted and gave Plaintiff 30 days in which to file an amended complaint.

Plaintiff filed a second amended complaint on September 25, 2020. In general, Plaintiff alleges that Defendants played various roles in fraudulently inducing Appvion's employees to adopt the ESOP as part of their retirement plan and then artificially inflating the value of stock owned by the ESOP for the next sixteen years until Appvion filed for bankruptcy. Altogether, the second amended complaint contained 1,342 paragraphs of allegations and asserted 37 causes of

action against seven entities and 19 individuals. The second amended complaint asserted claims for violations of ERISA, as well as federal securities fraud and various state law claims. After Defendants filed motions to dismiss, the court referred the case to Magistrate Judge Stephen Dries.

On March 17, 2022, Magistrate Judge Dries issued a Report and Recommendation recommending that the court grant the motions to dismiss filed by the former Appvion Inc. Director and Officer Defendants; State Street Bank and Trust Company; Reliance Trust Company; Houlihan Lokey Capital Inc. and Houlihan Lokey Financial Advisors Inc.; and Stout Risius Ross Inc., Stout Risius Ross LLC, Aziz El-Tahch, and Scott Levine. Magistrate Judge Dries also recommended that the court partially grant Argent Trust Company's motion to dismiss. After reviewing the recommendation, the timely objections filed by Plaintiff and Argent, the responses to the objections, and the replies, the court overruled the objections and adopted the report and recommendation with one qualification. All that remains in this case are Plaintiff's claims that Argent breached its fiduciary duty and engaged in prohibited transactions. This matter is before the court on Plaintiff's motion for entry of final judgment on the court's dismissal of Plaintiff's claims against the dismissed defendants. For the following reasons, Plaintiff's motion will be granted.

Federal Rule of Civil Procedure 54(b) allows a federal court to "direct entry of a final judgment as to one or more, but fewer than all, claims" when the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In this case, the court dismissed former Appvion Inc. Director and Officer Defendants; State Street Bank and Trust Company; Reliance Trust Company; Houlihan Lokey Capital Inc. and Houlihan Lokey Financial Advisors Inc.; and Stout Risius Ross Inc., Stout Risius Ross LLC, Aziz El-Tahch, and Scott Levine as defendants. Because Plaintiff asserts that further amendments to the complaint would not cure the defects in

its claims against the dismissed defendants, the court dismisses all claims against these defendants with prejudice. Plaintiff maintains that there is no just reason for delaying the entry of final judgment against the dismissed defendants.

Rule 54(b) was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015) (internal quotation marks, citation, and alterations omitted). To enter a judgment pursuant to Rule 54(b), the claim must be separable from those not adjudicated, the decision must be final, and the court must expressly find "no just reason for delay." *See Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir. 1984). An application for a Rule 54(b) order requires the district court to "exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Schaeffer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 235 (7th Cir. 1972). The non-exclusive guiding factors a court may consider include

> (1) [t]he relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980) (citation omitted). It is the movant's burden to demonstrate that it will "suffer unjust harm from the normal delay pending resolution of all claims in the case." *Wright v. Kosciusko Med. Clinic, Inc.*, 791 F. Supp. 1327, 1334 (N.D. Ind. 1992).

Plaintiff asserts that these factors weigh in favor of the entry of final judgment. It argues that an immediate appeal would not cause an appellate court to review the same issues twice. The

3

dismissed defendants disagree, arguing that the underlying facts alleged against them involve the same fraudulent scheme to inflate stock prices that serve the basis for Plaintiff's remaining claims. To be sure, there is some overlap in the factual issues and evidence related to all of the defendants. But Plaintiff's remaining claims against Argent are legally distinct from the claims against the dismissed defendants. The issues Plaintiff seeks to raise on appeal relate to pleading standards, procedural issues of ERISA preemption, and valuations that occurred before Argent became the ESOP's trustee. Conversely, the remaining claims against Argent—that Argent breached its fiduciary duty and that it engaged in prohibited transactions—concern fact-specific issues related to Argent's decision-making process. The merits of Plaintiff's claims against Argent are separate and distinct from the pleading issues Plaintiff seeks to challenge on appeal. *See Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984) ("[I]f there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required to the judges to prepare for argument in, and to decide, each appeal."). In addition, any future developments of the case in this court will not moot the possibility of the need for review, as further decisions in this court will only relate to Argent, not the dismissed defendants.

The economic interest of the ESOP participants, the beneficiaries of any recovery against the dismissed defendants, also weighs in favor of the prompt entry of a final judgment against the dismissed defendants. Plaintiff asserts that some individuals are still working past the age they planned to retire, some are living on fixed incomes without the retirement funds they anticipated they would have, and some are elderly and are more likely to pass away as years of litigation go by. It is convinced that an appeal would speed up the ultimate resolution of this case. Indeed, a decision by the Seventh Circuit on the pleading questions presented may clarify issues in this case

4

and is most likely to lead to a single, unified trial on all issues. Having weighed the judicial administrative interests and the equities at hand, and given the chronology of events in this case, the court is satisfied that the entry of final judgment against the dismissed defendants is appropriate.

Argent took no position on Plaintiff's motion but indicated that it would move to stay the claims against it if the court enters final judgment against the dismissed defendants. Plaintiff contends that it would agree to stay the litigation against Argent pending appeal as a condition of obtaining Rule 54(b) certification. The court concludes that, in the interest of judicial economy, the case should be stayed pending a decision by the Seventh Circuit.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. No. 267) is **GRANTED**. Because there is no just reason for delay, *see* Fed. R. Civ. P. (b), the Clerk is directed to enter judgment dismissing Plaintiff's claims against Douglas P. Buth, Paul J. Karch, Mark Richards, Tom Ferree, Rick Fantini, Dale E. Parker, Angela Tyczkowski, Kerry Arent, Kent Willetts, Susan Scherbel, Ronald Pace, Stephen Carter, Kathi Seifert, Andrew Reardon, Terry Murphy, Mark Suwyn, Kevin Gilligan, Houlihan Lokey Capital Inc., Houlihan Lokey Financial Advisors Inc., State Street Bank & Trust Company, Reliance Trust Company, Scott D. Levine, Aziz El-Tahch, Stout Risius Ross LLC, and Stout Risius Ross Inc. with prejudice.

**IT IS FURTHER ORDERED** that this case is stayed and administratively closed until further order of the court.

Dated at Green Bay, Wisconsin this 16th day of December, 2022.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge