UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

APPVION, INC. RETIREMENT SAVINGS
AND EMPLOYEE STOCK OWNERSHIP
PLAN, by and through Grant Lyon in his
capacity as the ESOP Administrative
Committee of Appvion,

        Plaintiff,

    v.

DOUGLAS P. BUTH, *et al*.,

        Defendants.

Civil Action No. 18-cv-1861

Judge William C. Griesbach

## REPLY MEMORANDUM IN SUPPORT OF
## STATE STREET BANK AND TRUST COMPANY'S
## <u>RENEWED MOTION TO DISMISS THE SECOND AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

I.    This Renewed Motion Is Fully Consistent with the Seventh Circuit's Mandate................2

    A.    The Seventh Circuit did not explicitly decide loss causation. ..................................3

    B.    The Seventh Circuit did not implicitly decide loss causation................................4

    C.    State Street adequately preserved this argument in this Court. ...............................7

II.    Plaintiff Has Pleaded Himself Out of Court as to State Street. ..........................................8

    A.    Plaintiff's but-for causation argument conflicts with the Seventh Circuit's decision in *Appvion III*...............................................................................................8

    B.    Plaintiff's superseding-cause argument fails. .......................................................12

    C.    The co-fiduciary claim against State Street must also be dismissed. ....................14

CONCLUSION......................................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan ex rel. Lyon v. Buth*,
  2022 WL 4088166 (E.D. Wis. Mar. 17, 2022) .......................................................................11

*Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan ex rel. Lyon v. Buth*
  99 F.4th 928 (7th Cir. 2024) ("*Appvion III*").........................................1, 3, 4, 10, 11, 14

*Bash v. Textron Fin. Corp.*,
  575 B.R. 814 (N.D. Ohio 2017)................................................................................... 6-7

*Bernegger v. Gray & Assocs. LLP*,
  2009 WL 3148723 (E.D. Wis. Sept. 25, 2009)....................................................................15

*Bradley v. Vill. of Univ. Park*,
  59 F.4th 887 (7th Cir. 2023) ................................................................................ 2, 5-6

*Brandt v. Grounds*,
  687 F.2d 895 (7th Cir. 1982) .............................................................................................11

*City of St. Louis v. Praprotnik*,
  485 U.S. 112 (1988)................................................................................................................8

*Cooper Indus. v. Aviall Servs., Inc.*,
  543 U.S. 157 (2004)................................................................................................................5

*DeFazio v. Hollister, Inc.*,
  854 F. Supp. 2d 770 (E.D. Cal. 2012)..................................................................................4

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
  974 F.2d 270 (2d Cir. 1992).................................................................................................13

*Dixon v. Burke Cnty.*,
  303 F.3d 1271 (11th Cir. 2002) ...........................................................................................13

*Dobbs v. DePuy Orthopedics, Inc.*,
  885 F.3d 455 (7th Cir. 2018) ...............................................................................................11

*Exxon Co., U.S.A. v. Sofec, Inc.*,
  517 U.S. 830 (1996)..............................................................................................................12

*In re Fair Finance Co., Bash v. Textron Financial Corp.*,
  2017 WL 1183907 (Bankr. N.D. Ohio Mar. 29, 2017) .........................................................6

ii

*Ferrer v. Chevron Corp.*,
484 F.3d 776 (5th Cir. 2007) ................................................................. 11-12

*Gilbert v. Illinois State Bd. of Educ.*,
591 F.3d 896 (7th Cir. 2010) ......................................................................5

*Hibma v. Odegaard*,
769 F.2d 1147 (7th Cir. 1985) ...................................................................13

*Horne v. Elec. Eel Manufacturing Co., Inc.*,
987 F.3d 704 (7th Cir. 2021) ......................................................................8

*Hunter v. Mueske*,
73 F.4th 561 (7th Cir. 2023) .....................................................................14

*Lawson v. Sun Microsystems, Inc.*,
791 F.3d 754 (7th Cir. 2015) ......................................................................8

*Moore v. Anderson*,
222 F.3d 280 (7th Cir. 2000) ............................................................... 2-3, 5

*Novak v. State Farm Fire & Cas. Co.*,
687 F. Supp. 3d 820 (E.D. Wis. 2023) .........................................................9

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*,
866 F.2d 228 (7th Cir. 1988) ...................................................................2, 5

*Perkinson v. Illinois State Police*,
2017 WL 106287 (S.D. Ill. Jan. 11, 2017) ...................................................15

*Richmond v. Scibana*,
387 F.3d 602 (7th Cir. 2004) ......................................................................5

*Solis v. Tomco Auto Prods., Inc.*,
2012 WL 12920838 (C.D. Cal. July 10, 2012) ...............................................4

*Sullivan v. Flora, Inc.*,
63 F.4th 1130 (7th Cir. 2023) .....................................................................2

*Sundstrand Corp. v. Sun Chemical Corp.*,
553 F.2d 1033 (7th Cir. 1977) ...................................................................12

*Thomason v. Nachtrieb*,
888 F.2d 1202 (7th Cir. 1989) .....................................................................9

*United States v. Morris*,
259 F.3d 894 (7th Cir. 2001) ......................................................................2

iii

*United States v. Nebinger*,
    987 F.3d 734 (7th Cir. 2021) ...........................................................................2, 5

*Walsh v. Fensler*,
    2022 WL 3154182 (N.D. Ill. Aug. 8, 2022) ..................................................12

*Whitlock v. Brueggemann*,
    682 F.3d 567 (7th Cir. 2012) .........................................................................12

**Statutes**

ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2) .......................................................3, 4, 14

ERISA § 409(b), 29 U.S.C. § 1109(b) ..............................................................3-4, 14

**Other Authorities**

Restatement (Second) of Torts § 452 cmt. d (1965) .....................................................13

Restatement (Third) of Trusts § 100 cmt. e (2012) .....................................................10

*Walsh v. Fensler*,
    No. 22-cv-01030, Br. in Supp. of Secretary's Mot. to Strike Affirmative
    Defenses ECF No. 60 (N.D. Ill. June 8, 2022) .........................................................12

iv

# INTRODUCTION

State Street's Renewed Motion to Dismiss the Second Amended Complaint ("Renewed Motion," ECF No. 297) is targeted at a single issue previously raised in this Court that was not briefed or decided on appeal: The SAC fails to state any claim against State Street based on its approval of the December 2012 valuation because the SAC's own allegations establish the absence of loss causation.[1] Contrary to Plaintiff's contentions, the Seventh Circuit held nothing about loss causation in this case—neither explicitly nor implicitly—because that question was simply not presented on appeal. The loss-causation issue therefore remains open on remand.

It is *Plaintiff's* argument that defies the Seventh Circuit's decision. His causation argument turns on assessing "what would have happened if [State Street] had not approved the December 2012 appraisal value *and disclosed a zero value*." Plaintiff's Opposition at 14 (ECF No. 304, "Opp.") (emphasis added). But the Seventh Circuit already rejected this precise formulation, holding that Plaintiff's "breach-of-duty claim against State Street is entirely about State Street's approval of . . . Stout's inflated valuations," and the alleged "breach" cannot be "recharacterize[d] . . . as failing to approve an accurate valuation or failing to correct an earlier inaccurate valuation." *Appvion III*, 99 F.4th 928, 950 (7th Cir. 2024). Plaintiff does not argue, nor could he, that he has pleaded loss caused by *the alleged breach the Seventh Circuit identified* as to the remaining valuation not barred by the statute of repose—which is his "breach-of-duty claim against State Street . . . for what State Street did" in approving the allegedly inflated valuation, "not for what it did not do" in purportedly failing to approve or disclose a valuation of zero. *Id.*

For the reasons given in the Renewed Motion, and as further explained below, the Court should dismiss with prejudice all remaining claims against State Street.

---

[1] Defined terms have the same meaning as in the Renewed Motion, unless otherwise indicated.

1

## ARGUMENT

### I.    This Renewed Motion Is Fully Consistent with the Seventh Circuit's Mandate.

Plaintiff first focuses on the mandate rule, *see* Opp. at 7-10, but he fails to properly formulate that rule.  It is true that the Seventh Circuit "does not remand issues to the district court when those issues have been waived or decided." *Sullivan v. Flora, Inc.*, 63 F.4th 1130, 1137 (7th Cir. 2023) (citation omitted).  But "[w]hether a particular issue is within or outside the scope of remand is 'determined not by formula,' . . . but through careful examination of the prior appellate proceedings, including: the issues presented, the remand instructions, the express holdings, the procedural posture, and the issues that were necessarily resolved either by implication or waiver." *Bradley v. Vill. of Univ. Park*, 59 F.4th 887, 896 (7th Cir. 2023) (citations omitted).

"'Whether an issue was waived on the first appeal is an integral and included element in determining the 'scope of remand.'" *Id.* (citation and brackets omitted).  "An important difference between waiver for appellants and appellees is that *appellees do not waive issues or arguments* when they merely fail to assert possible alternative grounds for affirmance." *Id.* at 898 (emphasis added); *see also United States v. Nebinger*, 987 F.3d 734, 740 (7th Cir. 2021) (underscoring the "key point" that "the law-of-the-case doctrine and the mandate rule" do not preclude a party from raising an argument on remand when that party was the appellee in the first appeal and did not raise that argument as an alternative ground for affirmance).

Thus, the mandate rule poses no bar to consider "issues that were timely raised before the district . . . court[] but which remain undecided." *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001).  In other words, "the doctrine does not extend to issues not presented or decided on the prior appeal." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 231 (7th Cir. 1988).  And "[t]he reach of the mandate is coextensive with the reach of [the Seventh Circuit's] holding." *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000) (citation omitted).

2

Applying these principles, State Street's renewed argument that the December 2012 valuation caused no loss is fully consistent with the Seventh Circuit's mandate.

## A.     The Seventh Circuit did not explicitly decide loss causation.

Plaintiff first argues that the Seventh Circuit's decision contained "an explicit finding of causation" regarding the December 2012 valuation. Opp. at 8. That is a surprising assertion, given that loss causation was not at issue before the Seventh Circuit. And it is baseless.

Plaintiff points to the Seventh Circuit's conclusion regarding the "enabled" prong for purposes of co-fiduciary liability, 29 U.S.C. § 1105(a)(2), which creates "co-fiduciary liability when the fiduciary, by failing to comply with her duties under ERISA, enabled her co-fiduciary's breach." *Appvion III*, 99 F.4th at 949. To be sure, the Seventh Circuit addressed the enabling aspect of co-fiduciary liability, reasoning that "Lyon alleges that by approving Stout's valuations without sufficient scrutiny, the trustees allowed the ESOP Committee to accept those valuations and to use them to authorize purchases of Appvion shares by the Plan." *Id.* But that conclusion referred specifically to the enabling required for co-fiduciary liability under § 1105(a)(2), not loss causation under § 1109. The Seventh Circuit's decision contained no holding on loss causation. *See Moore*, 222 F.3d at 283 (explaining that "[t]he reach of the mandate is coextensive with the reach of [the Seventh Circuit's] holding"). Moreover, the Seventh Circuit was referring to the valuations in general in its co-fiduciary discussion, including those approved by the other trustees in other years; the Seventh Circuit certainly did not purport to address the unique causation issues involved in attributing loss to State Street from the single December 2012 valuation approval.

Indeed, ERISA's plain text precludes any holding that State Street's approval of the December 2012 valuation could render it liable for enabling the ESOP Committee's alleged breach to purchase stock *after* State Street resigned as trustee. ERISA expressly provides that "[n]o fiduciary shall be liable with respect to a breach of fiduciary duty . . . if such breach was committed

3

. . . after he ceased to be a fiduciary." 29 U.S.C. § 1109(b). Thus, "because § 1105(a) requires that the fiduciary's breach 'enabled such other fiduciary to commit a breach,' a fiduciary's liability for any losses caused by a breach would be limited to the time in which that defendant served as a fiduciary." *DeFazio v. Hollister, Inc.*, 854 F. Supp. 2d 770, 804 (E.D. Cal. 2012), *aff'd* 612 F. App'x 439 (9th Cir. 2015); *see also Solis v. Tomco Auto Prods., Inc.*, 2012 WL 12920838, at *4 (C.D. Cal. July 10, 2012) (ERISA trustee may be held liable on co-fiduciary theory only "for losses occurring prior to the date [the defendant] resigned as trustee"). Accordingly, co-fiduciary liability as to State Street under § 1105(a)(2) could only rest on a breach by someone else occurring *during* State Street's tenure as trustee. That excludes the June 2013 stock purchases. Nothing in the Seventh Circuit's opinion is to the contrary.

### B. The Seventh Circuit did not implicitly decide loss causation.

Plaintiff next argues that the "implicit findings of the appellate court" conclusively decide the loss-causation issue in this Renewed Motion. Opp. 8. This argument fares no better.

At the outset of its breach-of-duty analysis, the Seventh Circuit carefully delineated the issues it needed to decide. It explained that breach-of-duty claims "require proof of three elements: that the defendants were plan fiduciaries, that they breached a fiduciary duty, and that their breach resulted in harm to the Plan." *Appvion III*, 99 F.4th at 942-43. The third element—*i.e.*, loss causation—was not considered by the Seventh Circuit because no party raised the issue on appeal "that Lyon adequately pleaded harm," as that was not a basis for this Court's prior dismissals and Plaintiff's appeal. *Id.* at 943. So the Seventh Circuit moved on and instead addressed only the first two elements. *See id.* (first concluding that the directors and officers were acting "as ERISA fiduciaries" and then turning to address "the breach question"). State Street certainly did not concede or waive loss causation.

Thus, loss causation is a classic example of an alternative ground for affirmance on appeal

that the appellee did not raise and the appellate court did not decide. *See Bradley*, 59 F.4th at 898*; Nebinger*, 987 F.3d at 740. Because loss causation was "not presented or decided on the prior appeal," it remains open on remand, as the Seventh Circuit has explained again and again. *Parts & Elec. Motors, Inc.*, 866 F.2d at 231; *see Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 903 (7th Cir. 2010) ("[T]he law-of-the-case doctrine does not come into play when the [first court] never decided the precise issue that is before the [second court].").

Plaintiff erroneously argues that "the Seventh Circuit's remand necessarily included a finding that the ESOP adequately alleged loss causation" simply because the Seventh Circuit reversed the dismissal of the breach-of-duty claims, and loss causation is a necessary element of those claims. Opp. at 8. But this argument fails to perform the requisite "careful examination of the prior appellate proceedings" to determine the scope of the mandate, including "the issues presented." *Bradley*, 59 F.4th at 896. The loss-causation question of State Street's post-repose actions was simply not before the Seventh Circuit because no party raised it since Plaintiff's claims had been dismissed on other grounds. It is well-established that when an issue "was not brought to [the] court's attention by the litigants or discussed in [the court's] opinion," the court's decision does not "contain[] a holding on the subject." *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *see also Cooper Indus. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (citation omitted)). Because "[t]he reach of the mandate is coextensive with the reach of [the Seventh Circuit's] holding," *Moore*, 222 F.3d at 283, the loss-causation issue is not barred by the mandate.

Plaintiff's argument is directly contradicted by *Bradley*. That case concerned a local police chief's claim that he was "deprived . . . of a constitutionally protected property interest—in his job

as chief of police—without due process of law." 59 F.4th at 893. In the first appeal, the defendants "had conceded that [the plaintiff] had a property interest in his job as chief," and the Seventh Circuit reversed the dismissal of the due process claim. *Id.* at 892. Although the existence of a property interest was a necessary element of that claim, and the Seventh Circuit had reversed the dismissal of that claim, *Bradley* makes clear that the defendants would have been free "to dispute that element of [the plaintiff's] case in the event of a remand" if they had simply "fail[ed] to assert" that argument as "possible alternative grounds for affirmance" without providing an "explicit waiver of their right to challenge that element of [the plaintiff's] due process claim." *Id.* at 898. That is exactly the situation here. Plaintiff does not contend (nor could he) that State Street explicitly waived the loss-causation issue in the Seventh Circuit. State Street has therefore "left the door open to dispute that element of [Plaintiff's] case in the event of a remand." *Id.*

The bankruptcy court case cited by Plaintiff, *In re Fair Finance Co., Bash v. Textron Financial Corp.*, 2017 WL 1183907 (Bankr. N.D. Ohio Mar. 29, 2017), only underscores why the mandate rule does not bar this Renewed Motion. There, as Plaintiff notes (Opp. at 7, 10), the bankruptcy court recommended that the mandate rule bar a particular argument on remand from the Sixth Circuit. But Plaintiff omits that the district court subsequently *rejected* the bankruptcy court's conclusion that "the law of the case doctrine precludes review of Textron's argument." *Bash v. Textron Fin. Corp.*, 575 B.R. 814, 817 (N.D. Ohio 2017). The district court reasoned that there was no "specific instance in the parties' briefing before the Sixth Circuit, wherein this issue was raised," nor was there "any specific instance in which the Sixth Circuit addressed" the issue—so that issue was not decided on appeal. *Id.* The same is true here.[2]

---

[2] Plaintiff therefore battles a straw man in arguing that "the fact that the Seventh Circuit did not explicitly discuss every single argument made by State Street in its briefing on a particular issue

6

**C.      State Street adequately preserved this argument in this Court.**

Finally, Plaintiff contends that "the specific basis for State Street's Renewed Motion" was not properly preserved in this Court. Opp. at 9. That is incorrect. In both its opening and reply memoranda in support of its motion to dismiss the SAC, State Street timely argued that "Plaintiff cannot plausibly allege the necessary element of loss causation from this one [post-repose period] valuation" in December 2012, in part because the SAC itself pleads that, in June 2013, after State Street resigned as trustee, "the subsequent trustee provided a higher valuation" than the December 2012 valuation. ECF No. 196 at 19. Therefore, State Street argued, "Plaintiff cannot show that Plan participants were harmed in any way by the single December 2012 valuation." *Id.*; *see also id.* at 6 n.6; ECF No. 223 at 11-12. That is the same argument State Street now renews on remand, *i.e.*, that Plaintiff has pleaded himself out of court by alleging that the June 2013 valuation was performed by Reliance, not State Street, and that it was *higher* than the December 2012 valuation. *See* Renewed Motion at 11-18.

Plaintiff suggests that the "crux" of State Street's Renewed Motion is that State Street was no longer the trustee when stock purchases were made based on the December 2012 valuation, and that fact was not highlighted in State Street's prior briefing. Opp. at 9. That is incorrect. State Street's prior briefing emphasized that it was no longer the trustee in June 2013—and that State Street "had no role in relation to the Plan since, at the latest, March 2013." ECF No. 196 at 4; *see also id.* at 6, 19. That Reliance approved both the June 2013 valuation and the June 2013 stock purchases are two sides of the same coin; that is what the trustee was required to do each June and December under the Plan documents, and State Street was, by then, not the trustee and could not be liable under § 1109(b).

---

does not mean that the issue 'remains undecided.'" Opp. at 10. The loss-causation issue was not briefed *at all* on appeal, as it was not a basis for the Court's prior ruling that Plaintiff appealed.

7

Moreover, it makes no difference that State Street's loss-causation argument in its renewed motion is more detailed than in the prior briefing (which also involved many other issues and claims). The Seventh Circuit has repeatedly held that an issue is "not waived" when the party is simply putting "a new twist" on a preserved argument, *Horne v. Elec. Eel Manufacturing Co., Inc.*, 987 F.3d 704, 717 (7th Cir. 2021), or by "amplification of a properly preserved issue," *Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 761 (7th Cir. 2015). As the Supreme Court explained, "[i]t should not be surprising if [a party's] arguments in the District Court were much less detailed than the arguments it now makes in response to the decision of the Court of Appeals. That, however, does not imply that [the party] failed to preserve the issue . . . ." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 120 (1988) (plurality op.). State Street's argument is not waived.

## II.    <u>Plaintiff Has Pleaded Himself Out of Court as to State Street.</u>

Plaintiff's merits arguments fare no better. As explained in State Street's Renewed Motion (at 11-18), the SAC does not plead—and in fact affirmatively rules out—both but-for and proximate causation as to any losses resulting from State Street's approval of the December 2012 valuation. Plaintiff's efforts to escape this conclusion are fruitless because they contradict the SAC and the Seventh Circuit's decision.

### A.    **Plaintiff's but-for causation argument conflicts with the Seventh Circuit's decision in *Appvion III*.**

The gist of Plaintiff's argument as to loss causation is that "the December 2012 purchases could not have gone forward if State Street had acted prudently, rejected the December 2012 appraised stock price and disclosed that the stock had zero value." Opp. at 14. This argument is foreclosed by the Seventh Circuit's opinion in *Appvion III* and by the SAC itself.

The first problem is chronological: It is impossible for State Street's approval of the December 2012 valuation to have caused the ESOP to purchase stock in December 2012 because,

according to the SAC, that stock purchase *preceded* State Street's valuation approval. As pleaded in the SAC, State Street approved that valuation in February 2013, while the stock purchases happened two months *earlier*, in December 2012. *See* SAC ¶¶ 554, 671. Obviously, something that happened two months after an event cannot cause that prior event. So this argument is flatly contradicted by the SAC. *See Novak v. State Farm Fire & Cas. Co.*, 687 F. Supp. 3d 820, 827 (E.D. Wis. 2023) (rejecting argument made in opposition to motion to dismiss when the complaint "actually alleges the exact opposite"); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Moreover, the December 2012 stock purchases used the price of the June 2012 valuation ($16.45), *not* the December 2012 valuation ($17.55). *See* SAC ¶¶ 191, 547, App'x A-B. Plainly, State Street's approval of the $17.55 valuation in February 2013 could not have had any impact on the December 2012 stock purchases.

As pleaded, the only stock purchases for which the December 2012 valuation of $17.55 was used were the June 2013 purchases. *See* SAC ¶¶ 191, 294-295, App'x A-B. Plaintiff does not develop any argument that *the June 2013 stock purchases* (approved after State Street resigned, and under Reliance's auspices) would have been made at a lower price but for State Street's approval of the December 2012 valuation. For example, Plaintiff does not say what (according to the SAC) Reliance and the ESOP Committee would have done had State Street declined to approve the $17.55 valuation in February 2013.

Nor could Plaintiff plausibly make such an argument. In a but-for world where State Street did not approve the December 2012 valuation before being replaced as trustee, there is no scenario consistent with the SAC's factual allegations in which the June 2013 purchases would have been made at a lower price. The SAC alleges that both Reliance and the ESOP Committee were

9

*knowingly* inflating the stock price, SAC ¶¶ 270, 560, 595-596, and that the June 2013 valuation that Reliance reviewed and approved was even higher than State Street's final approved valuation, *id.* ¶ 191. Accepting those allegations as true, it is simply implausible that Reliance and the ESOP Committee would not have made the June 2013 stock purchases at a price equal to or higher than the December 2012 valuation. That rules out but-for causation of any loss, because "the same loss would have occurred in the absence of [State Street's alleged] breach of trust." Restatement (Third) of Trusts § 100 cmt. e (2012). Even if approval of Stout's December 2012 valuation had still been pending when State Street resigned as trustee in March 2013, the same or higher price would have been used to purchase company stock in June 2013, as the SAC alleges.

Perhaps for these reasons, Plaintiff tries to broaden the scope of State Street's alleged "breach" beyond the actual approval of the December 2012 valuation. Plaintiff suggests that the but-for causation question is "what would have happened if [State Street] had not approved the December 2012 appraisal value *and disclosed a zero value*." Opp. at 14 (emphasis added). But that expansive interpretation of the alleged breach has already been rejected by the Seventh Circuit, which held that the SAC's "breach-of-duty claim against State Street is *entirely* about State Street's approval of . . . Stout's inflated valuations," and that "the breach-of-duty claim against State Street seeks to impose liability for what State Street did, *not for what it did not do*." *Appvion III*, 99 F.4th at 950 (emphases added). The Seventh Circuit specifically held that the SAC's breach-of-duty claim *cannot* be "recharacterize[d]" as alleging that State Street breached through an "omission," such as "failing to approve an accurate valuation or failing to correct an earlier inaccurate valuation." *Id.* Yet Plaintiff is once again trying to do exactly that. Thus, for all of his complaining that State Street misreads the Seventh Circuit's decision, it is Plaintiff who in fact does so.

Any causation must flow directly from the actual breach alleged—here, approval of the

December 2012 valuation—not from any omissions, which the Seventh Circuit held are not alleged breaches. *See id.* at 942 (breach-of-duty claim requires proving that "that [State Street's] *breach* resulted in harm to the Plan" (emphasis added)); *Brandt v. Grounds*, 687 F.2d 895, 898 (7th Cir. 1982) (affirming dismissal of an ERISA breach-of-duty claim because "a causal connection is required *between the breach of fiduciary duty* and the losses incurred by the plan," and "[n]o such causal connection was alleged in the second amended complaint" (emphasis added)). The SAC does not plead, and affirmatively refutes, any such causation.[3]

Plaintiff is similarly off target in arguing that causation is "not . . . to be determined [on] a motion to dismiss." Opp. at 12. Where, as here, the SAC contains no well-pleaded allegations of loss causation from State Street's approval of the December 2012 valuation—the only valuation remaining at issue as to State Street—and in fact affirmatively pleads facts that *disprove* such causation, courts (including the Seventh Circuit) *have dismissed* ERISA breach-of-duty claims. *See, e.g.*, *Brandt*, 687 F.2d at 898 (affirming dismissal of an ERISA breach-of-duty claim because "[n]o such causal connection was alleged in the second amended complaint"); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 (5th Cir. 2007) (affirming dismissal of ERISA breach-of-duty claim arising from alleged misrepresentations when complaint never alleged that the loss "would have"

---

[3] In several places, Plaintiff's Opposition refers to a claim against State Street for breach of its fiduciary duties of "disclosure." Opp. at 3, 14. That claim is no longer live. This Court dismissed it. *See Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan ex rel. Lyon v. Buth*, 2022 WL 4088166, at *18 (E.D. Wis. Mar. 17, 2022). And Plaintiff raised a duty-of-disclosure argument on appeal (*see* Appellant's Reply to Defendant-Appellee State Street at 15-16, attached as Ex. 2 hereto), but the Seventh Circuit rejected it and held that "the breach-of-duty claim against State Street seeks to impose liability for what State Street did, not for what it did not do." *Appvion III*, 99 F.4th at 950; *see also Dobbs v. DePuy Orthopedics, Inc.*, 885 F.3d 455, 458 (7th Cir. 2018) ("The [Seventh Circuit's] silence on an issue raised on appeal means it is not available for consideration on remand." (citation and quotation marks omitted)). In any event, such an omission-based breach-of-duty claim would suffer from the same loss-causation defects— including the existence of superseding causes—as the breach-of-duty claim that Plaintiff has actually pleaded.

11

been averted but for those misrepresentations).

### B. Plaintiff's superseding-cause argument fails.

Plaintiff does not dispute that proximate causation of loss is also an element of his claims against State Street. Yet he suggests that "it is unclear that the defense of superseding cause is even available in ERISA claims." Opp. at 15. But as the Supreme Court has explained, the "superseding cause doctrine" is "one facet of the proximate causation requirement." *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837 (1996). And Courts and the Department of Labor have recognized that a superseding cause of loss defeats an ERISA breach-of-duty claim. *See, e.g.*, *Walsh v. Fensler*, 2022 WL 3154182, at *7 (N.D. Ill. Aug. 8, 2022) (agreeing with Secretary of Labor that superseding cause argument is applicable and not an affirmative defense); Br. in Supp. of Secretary's Mot. to Strike Affirmative Defenses at 7, *Walsh v. Fensler*, No. 22-cv-01030, ECF No. 60 (N.D. Ill. June 8, 2022) (attached as Ex. 1 hereto) (superseding cause is "denial of the causation element" in breach-of-duty claim).

State Street's Renewed Motion discussed several cases applying this doctrine in analogous circumstances and holding that a third party's intervening acts broke the chain of causation. *See* Renewed Motion at 14-17 (discussing, *e.g.*, *Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033 (7th Cir. 1977) and *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012)). Plaintiff does not address these cases at all. Nor does Plaintiff cite any cases to the contrary.

Instead, Plaintiff rests on the conclusory assertion that, because "Stout provided inflated, unreliable appraisals of Appvion stock for over ten years by the time State Street resigned," "[i]t was entirely foreseeable that the December 2012 stock value would be used to purchase stock even after State Street resigned . . . ." Opp. at 16. This reasoning ignores the critical fact that Reliance *took over as trustee* from State Street between the approval of the December 2012 valuation and its use for purchasing stock in June 2013. That changing of the guard is a textbook scenario of a

12

superseding cause due to "shifted responsibility":

> [B]ecause the duty, and hence the entire responsibility for the situation, has been shifted to a third person, the original actor is relieved of liability for the result which follows from the operation of his own negligence. The shifted responsibility means in effect that the duty, or obligation, of the original actor in the matter has terminated, and has been replaced by that of the third person.

Restatement (Second) of Torts § 452 cmt. d (1965).

Applying this rule, the Seventh Circuit has held that sheriff's deputies who framed an innocent man for burglaries were not the proximate cause of the victim's sexual assault in prison. *Hibma v. Odegaard*, 769 F.2d 1147, 1156-57 (7th Cir. 1985). Central to the Seventh Circuit's reasoning was the fact that, before the sexual assault, "the duty to protect [the victim] shifted from the deputies to the Wisconsin Prison System." *Id.* at 1156. Thus, "the duty of protection assumed by the Wisconsin Prison System and the criminal acts of the other inmates formed superseding causes which prevent the deputies' actions from being a legal cause in bringing about the sexual assault." *Id.* So too here. The SAC expressly pleads that, once Reliance became the trustee, it assumed all fiduciary duties—including with respect to using the December 2012 valuation. *See* SAC ¶ 577 ("Reliance . . . had a fiduciary duty of prudence to review the valuation as of 31 December 2012 and determine whether reliance on that valuation was reasonably justified under the circumstances."). A transfer of trusteeship is a clear-cut case where "the entire responsibility for the situation[] has been shifted to a third person" and, consequently, "the original actor is relieved of liability for the result which follows from the operation of his own negligence." Restatement (Second) of Torts § 452 cmt. d (1965). *See generally Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 279 (2d Cir. 1992) (applying same causal connection required under common law tort claim to ERISA claim).

Moreover, if the SAC's allegations are taken as true, it was hardly foreseeable that a new, independent professional entity would take over as trustee and immediately choose to *deliberately*

13

and *knowingly* approve a fraudulently inflated stock value as the basis for stock purchases. And it was certainly not foreseeable that this new trustee would then approve an even *higher* valuation, thereby triggering the use of the December 2012 valuation for the June 2013 stock purchases. *See* SAC ¶ 293. These "deliberative and autonomous" choices made by a *new trustee*, to whom responsibility for the situation had shifted, break the causal chain as to State Street for this single valuation. *See Hunter v. Mueske*, 73 F.4th 561, 569 (7th Cir. 2023) ("[P]roximate causation 'does not exist when the continuum between Defendant's action and the ultimate harm is occupied by the conduct of deliberative and autonomous decision-makers.'" (quoting *Dixon v. Burke Cnty.*, 303 F.3d 1271, 1275 (11th Cir. 2002)).

### C. The co-fiduciary claim against State Street must also be dismissed.

Plaintiff argues that the co-fiduciary claim under 29 U.S.C. § 1105(a)(2) should survive because, "by approving Stout's fraudulently inflated appraisals, State Street 'enabled' the Director and Officer Defendants to approve or effectuate purchases of Appvion stock at prices that exceeded fair market value." Opp. at 11. This argument is a non-starter because, as discussed above (p. 3-4, *supra*), ERISA does not permit liability for a co-fiduciary's breach occurring "after [State Street] ceased to be a fiduciary." 29 U.S.C. § 1109(b). Plaintiff does not advance any other theory of co-fiduciary liability. This claim must therefore be dismissed.[4]

In any event, Plaintiff could not point to any allegations of loss causation from an alleged "breach" by the ESOP Committee that was (1) "enabled" by State Street's approval of the December 2012 valuation and (2) occurred while State Street was trustee. The only potentially relevant conduct is the ESOP Committee's email reporting that valuation in February 2013. SAC

---

[4] To the extent Plaintiff argues that "State Street's . . . actual purchase of shares [in December 2012] enabled the Director and Officer Defendants' own breaches of fiduciary duty," Opp. at 11, that argument is squarely foreclosed by the Seventh Circuit's holding that State Street's stock purchases are not part of the alleged breach. *See Appvion III*, 99 F.4th at 950.

14

¶ 555.  But the SAC does not allege, and Plaintiff does not argue, that that alleged email by itself was a but-for and proximate cause of any losses to the Plan.  He does not allege or argue that, but for that alleged email, the June 2013 stock purchases would have used a lower price.  Nor does he explain how the SAC's allegations of Reliance's intervening conduct do not establish a superseding cause of any such loss.  The co-fiduciary claim against State Street therefore suffers from the same loss-causation flaws as the breach-of-duty claim, and both must be dismissed.

## **CONCLUSION**

This Court should grant State Street's renewed motion to dismiss the remaining claims against State Street with prejudice.[5]


Dated:  August 23, 2024

Respectfully submitted,

/s/ Matthew L. Riffee


**GOODWIN PROCTER LLP**

**T. WICKHAM SCHMIDT, ESQ.**
**A PROFESSIONAL SERVICE CORP.**

James O. Fleckner
Jesse Lempel
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
(617) 523-1231 (Fax)
jfleckner@goodwinlaw.com

T. Wickham Schmidt (WI #1062002)
130 E. Walnut St., Ste. 605
Green Bay, WI 54301
(920) 759-8114
(920) 759-8105 (Fax)
wick@twslawgb.com

Gabrielle L. Gould
The New York Times Building

---

[5]  The Court should not grant Plaintiff's alternative request for "leave to amend to cure any deficiencies" (Opp. at 12 n.2) because, over the past six years, he has already had multiple chances.  *See, e.g.*, *Perkinson v. Illinois State Police*, 2017 WL 106287, at *2 (S.D. Ill. Jan. 11, 2017) ("Where, as in this case, a plaintiff has had multiple opportunities to plead [his] claims, the Seventh Circuit has repeatedly affirmed dismissals with prejudice and denials of leave to amend." (collecting cases)); *Bernegger v. Gray & Assocs. LLP*, 2009 WL 3148723, at *5 (E.D. Wis. Sept. 25, 2009) (Griesbach, J.) ("[T]he federal rules do not afford plaintiffs numerous 'do overs' to keep an otherwise doomed lawsuit alive. . . .").  Nor has Plaintiff "state[d] specifically what changes are sought by the proposed amendments" or attached the proposed amendments, as required by Civil L.R. 15.1(b).

15

620 Eight Avenue
New York, NY 10018
(212) 813-8800
(212) 355-3333 (Fax)
ggould@goodwinlaw.com

Matthew L. Riffee
1900 N Street NW
Washington, DC 20036
(202) 346-4000
(202) 346-4444 (Fax)
mriffee@goodwinlaw.com

*Attorneys for State Street Bank and Trust Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

*/s/ Matthew L. Riffee*
Matthew L. Riffee
