APPVION, INC. RETIREMENT SAVINGS AND
EMPLOYEE STOCK OWNERSHIP PLAN, by
and through Grant Lyon in his capacity as the
ESOP Administrative Committee of Appvion Inc.,

        Plaintiff,

        v.        Case No. 18-C-1861

MARK RICHARDS, et al.,

        Defendants.

## DECISION AND ORDER DENYING MOTION TO DISMISS

Grant Lyon commenced this action in his capacity as the sole member of Appvion's Employee Stock Ownership Plan Administrative Committee (the ESOP committee) on behalf of the Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan (ESOP), alleging claims for violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, federal securities fraud, and state law. In general, Plaintiff alleges that the defendants played various roles in fraudulently inducing Appvion's employees to adopt the ESOP as part of their retirement plan and then artificially inflating the value of stock owned by the ESOP for the next sixteen years until Appvion filed for bankruptcy. Altogether, the second amended complaint (SAC) asserted 37 causes of action against seven entities and 19 individuals.

After the defendants filed motions to dismiss the SAC, the court referred the case to a magistrate judge. On March 17, 2022, the magistrate judge issued a report and recommendation recommending that the court grant the motions to dismiss filed by the former Appvion Inc. Director and Officer Defendants; State Street Bank and Trust Company; Reliance Trust Company;

Houlihan Lokey Capital Inc. and Houlihan Lokey Financial Advisors Inc.; and Stout Risius Ross Inc., Stout Risius Ross LLC, Aziz El-Tahch, and Scott Levine. The magistrate judge also recommended that the court partially grant Argent Trust Company's motion to dismiss. The court adopted the report and recommendation with one qualification. On December 16, 2022, the court granted Plaintiff's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) and stayed the case pending Plaintiff's appeal to the Court of Appeals for the Seventh Circuit. On April 23, 2024, the Seventh Circuit affirmed in part, reversed in part, and remanded the case for further proceedings before this court. *Appvion, Inc. Retirement Savings & Employee Stock Ownership Plan v. Buth*, 99 F.4th 928 (7th Cir. 2024). As relevant here, the Seventh Circuit reversed as to Appvion's claims against State Street Bank & Trust Company arising after November 26, 2012. This matter comes before the court on State Street's motion to dismiss the claims against it. For the reasons that follow, the motion will be denied.

## BACKGROUND

For many years, French conglomerate Arjo Wiggins Appleton owned Appvion (formerly known as Appleton Papers, Inc.), a paper products company located in Appleton, Wisconsin. Beginning in 1998, Arjo Wiggins attempted to sell Appvion on the open market. Appvion was ultimately sold to its employees and structured as an employee stock ownership plan. The sale required the creation of a new holding company for Appvion called Paperweight Development Corp. (PDC). Appvion employees contributed millions from their retirement accounts to buy 100% of PDC's stock. In turn, PDC used that money, along with $700 million in loans, to buy 100% of Appvion's stock for its appraised value of $810 million. After the sale was finalized, Appvion formed the ESOP committee.

The ESOP committee was named fiduciary of the ESOP and facilitated plan participants' purchases of Appvion's stock through a formal process. It began with the ESOP committee's appointment of a trustee. The trustee was responsible for recalculating the fair market value of Appvion's stock twice a year. The ESOP required the trustee to hire an independent appraiser to help it accomplish this task. The appraiser would conduct an independent appraisal of Appvion twice a year. The trustee reviewed the independent appraisal, finalized a share price based on the appraiser's valuation, and reported the share price to the ESOP committee. The ESOP committee, then, reviewed and approved the share price and reported it to plan participants.

The trustee also held the plan participants' shares of Appvion stock and was responsible for purchasing additional shares twice a year at the direction of the ESOP committee. Pursuant to the terms of the ESOP, the trustee could only purchase additional shares if it determined that the purchase complied with ERISA and was at a price not in excess of fair market value. Stock purchases would be made based on the prior valuations performed by the appraiser and approved by the trustee and the ESOP committee. The ultimate purchase would be the lower of the two prior stock valuations.

State Street, the ESOP's first trustee, served from March 2001 to March 2013. Despite State Street's long tenure as trustee, the facts relevant to the present motion to dismiss only relate to State Street's actions occurring after November 26, 2012. During that time, State Street reviewed and approved only one stock valuation. The appraiser issued a valuation in January 2013 that valued Appvion's stock at $17.55 per share as of December 31, 2012. State Street reported that valuation to the ESOP committee in February 2013. The ESOP committee ultimately approved and adopted it.

3

State Street resigned as trustee on March 31, 2013, and was replaced by Reliance Trust Company. Reliance performed the semi-annual fair market value assessment in June 2013. Using the same methodology as it had for the December 2012 valuation, the appraiser recommended a price of $17.85 per share for June 2013, up from the December 2012 price of $17.55. Reliance reviewed and approved the appraiser's valuation, finalized a share price, and reported it to the ESOP committee, which approved the share price.

Reliance also worked on the ESOP's semi-annual stock purchase for June 2013. After Reliance approved using the two prior valuations—December 2012 and June 2013—the ESOP made its stock purchases using the lower of the two valuations, or the December 2012 $17.55 price. Reliance continued serving as trustee during the December 2013 stock repurchase cycle, and the ESOP purchased shares using the June 2013 $17.85 price.

The ESOP structure continued this general process for the valuation and purchase of shares. All the while, Appvion's business steadily declined. In October 2017, Appvion filed for bankruptcy. In connection with the bankruptcy, Lyon became the sole member of the ESOP committee and initiated this lawsuit on behalf of the plan.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and

4

conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *See Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

**ANALYSIS**

Plaintiff alleges breaches of fiduciary duty under 29 U.S.C. § 1104(a)(1) based on State Street's approval of the appraiser's allegedly inflated valuations (Count 3). He also asserts a claim for liability for a co-fiduciary's breach under 28 U.S.C. § 1105 (Count 28). This claim is based on Plaintiff's allegations that, by approving the appraiser's valuations without sufficient scrutiny, State Street allowed the ESOP committee to accept those valuations and to use them to authorize purchases of Appvion's shares by the plan. State Street asserts that Plaintiff has failed to state a claim upon which relief can be granted because the SAC does not plausibly allege that State Street caused harm.

Plaintiff asserts that, because the Seventh Circuit found that the SAC stated claims against State Street, State Street's argument that Plaintiff has failed to state a claim against it is barred by the mandate rule and the law of the case doctrine. "The mandate rule requires a lower court to adhere to the commands of a higher court on remand," while the "law of the case doctrine is a corollary to the mandate rule and prohibits a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court absent certain circumstances." *Carmody v. Bd. of Trustees of Univ. of Ill.*, 893 F.3d 397, 407 (7th Cir. 2018) (internal quotation marks and citations omitted). Determining the scope of a remand requires "careful examination of the prior appellate proceedings" which include "the issues presented, the remand instructions, the express holdings, the procedural posture, and the issues that were necessarily resolved either by implication

5

or waiver." *Bradley v. Vill. of Univ. Park*, 59 F.4th 887, 896 (7th Cir. 2023) (citations omitted). "The mandate rule may give way in light of subsequent factual discoveries or changes in the law." *Carmody*, 893 F.3d at 408 (internal quotation marks and citation omitted).

In this case, Plaintiff raised two issues on appeal with respect to State Street: (1) "Whether the district court erred in determining the Second Amended Complaint failed to state any ERISA claims against the Director and Officer Defendants, State Street, and Reliance" and (2) "Whether the district court erred in requiring acts of fraud or concealment separate from the underlying ERISA violations to toll the statute of limitations under ERISA § 513, 29 U.S.C. § 1113."[1] Case No. 23-1073, Dkt. No. 34 at 3 (7th Cir.). State Street's brief raised three issues: (1) "Whether the district court correctly held that all claims against State Street based on conduct prior to November 26, 2012 are barred by ERISA's six-year statute of repose, 29 U.S.C. § 1113(1);" (2) "Whether the district court correctly held that Plaintiff failed to plead a plausible claim for breach of ERISA's fiduciary duties against State Street;" and (3) "Whether the district court correctly held that Plaintiff failed to plead a plausible claim for ERISA co-fiduciary liability against State Street." Dkt. No. 304-1 at 14.

In its decision, the Seventh Circuit explicitly held that Plaintiff "adequately pleaded breach of the duty of loyalty by State Street" because he alleged that State Street "had an incentive to keep the directors and officers happy in order to retain Appvion's business, and so they looked the other way and accepted valuations they knew to be inflated." *Appvion*, 99 F.4th at 946. The court also held that Plaintiff "stated claims for breach of the duty of prudence." *Id.* It explained that Plaintiff "pleaded that to the extent the directors, officers, and trustees did not intentionally inflate

---

[1] Plaintiff's other two issues related to the federal securities claims and state law claims against the other defendants.

Appvion's price, they were careless in failing to scrutinize [the appraiser's] valuation methods." *Id.* With respect to co-fiduciary liability, the court held that Plaintiff plausibly pleaded a claim because he alleged that, "by approving [the appraiser's] valuations without sufficient scrutiny, [State Street] allowed the ESOP Committee to accept those valuations and to use them to authorize purchases of Appvion shares by the Plan." *Id*. at 949. The court concluded by reversing the dismissal of Counts 3 and 28 (among other claims not relevant here) to the extent they sought recovery for conduct taking place after November 26, 2012, and remanded the claims to this court for "further proceedings consistent with this opinion." *Id.* at 957.

In finding that Plaintiff stated a claim against State Street, the Seventh Circuit did not explicitly or implicitly address causation because State Street did not raise the issue on appeal. The question, then is whether State Street timely raised the issue in this court. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) (on remand, a district court may address "issues that were timely raised before the district and/or appellate courts but which remain undecided"). In its brief in support of its motion to dismiss, State Street argued that any claim Plaintiff asserts concerning the December 2012 appraisal fails because Plaintiff cannot show it caused any loss. Dkt. No. 196 at 18. It maintained that Plaintiff could not "plausibly allege the necessary element of loss causation from this one valuation (or any of State Street's prior valuations)" because Reliance "provided a higher valuation just six months after State Street resigned (SAC ¶ 191), and another substantially comparable valuation six months after that." *Id.* at 19. Even though State Street did not raise the issue on appeal, "appellees do not waive issues or arguments when they merely fail to assert possible alternative grounds for affirmance." *Bradley*, 59 F.4th at 898. The court finds that State Street timely raised the issue of loss causation and that the Seventh Circuit

7

did not decide it. In sum, the mandate rule and the law of the case doctrine do not bar the arguments raised in State Street's motion to dismiss.

The court will nevertheless deny State Street's motion because Plaintiff has plausibly alleged that State Street caused harm to the plan. ERISA plaintiffs must plead that there is some causal connection between their claim and the alleged losses. *Brant v. Grounds*, 687 F.2d 895, 898 (7th Cir. 1982). But courts have recognized that causation often involves thorny, fact-laden issues that are not well suited to be decided at the pleadings stage. *See Loomis v. Exelon*, No. 06 C 4900, 2007 WL 953827, at *2 (N.D. Ill. Feb. 21, 2007) ("Typically, issues of loss causation are factual matters not proper to resolve on a motion to dismiss." (cleaned up)).

In Count 3, Plaintiff alleges that State Street breached its fiduciary duties when it approved the appraiser's December 2012 valuation. SAC ¶¶ 660, 668, Dkt. No. 191. He asserts that "State Street is liable [under] ERISA § 409 (29 U.S.C. § 1109) to make good any losses to the ESOP resulting from its breaches of fiduciary duty. These damages include, but are not limited to, the ESOP's losses from overpaying for stock." *Id.* ¶ 669.

State Street argues that, even though it approved the valuation of Appvion's stock at $17.55 per share as of December 31, 2012, Reliance approved the valuation that was ultimately used to purchase the stock in June 2013. It argues that, as a result of Reliance's later approval, Appvion cannot plausibly allege that State Street caused harm to the plan. But the SAC alleges that the true value of the stock was $0, not $17.55. Plaintiff argues that if State Street had not approved the $17.55 price and had instead realized the stock's true value (or lack thereof), it is plausible to suggest that the plan would not have purchased the stock at $17.55 in June 2013. Construing all reasonable inferences in Plaintiff's favor, the court concludes that Plaintiff has plausibly alleged causation on this basis.

8

State Street also contends that it cannot be found liable for any harm the plan suffered because the June 2013 stock purchase based on Reliance's approval of the December 2012 valuation is a superseding cause of the plan's injuries. The superseding cause doctrine holds that "when the plaintiff's injury is caused not by a risk created by the defendant but by an unforeseeable intervening act, that act will operate to sever the defendant's liability." *Hunter v. Mueske*, 73 F.4th 561, 568 (7th Cir. 2023) (citations omitted); *see also Staub v. Proctor Hosp.*, 562 U.S. 411, 420 (2011) ("A cause can be thought superseding only if it is a cause of independent origin that was not foreseeable." (quoting another source)). Plaintiff asserts that it is unclear whether the defense of superseding cause is available in the ERISA context but also argues that the superseding cause doctrine does not apply here. He contends that the appraiser provided State Street with an inflated appraisal for December 2012 and that it was foreseeable that the December 2012 stock value that State Street approved would be considered during the June 2013 stock purchase. The court declines to resolve these legal and factual questions on the instant motion to dismiss. Such disputes are better addressed on summary judgment after the parties have had the benefit of engaging in discovery and the court has the benefit of a more complete record. *See Daly v. West Monroe Partners, Inc.*, No. 21 C 6805, 2023 WL 2525362, at *5 (N.D. Ill. Mar. 15, 2023) ("[C]ausation and superseding causes are generally issues of fact not appropriate for resolution on a motion to dismiss." (citation omitted)). The court concludes that Plaintiff plausibly alleged that State Street violated its fiduciary duties of prudence, loyalty, and disclosure. Accordingly, State Street's motion to dismiss is denied as to Count 3.

As to Count 28, Plaintiff alleges that State Street participated in and enabled the ESOP committee members' breaches of fiduciary duty related to the valuation and stock purchase. SAC ¶ 1164. ERISA imposes liability on fiduciaries if they participate in, enable, or have knowledge

9

of a co-fiduciary's breach and fail to take reasonable efforts to remedy it. 29 U.S.C. § 1105(a). State Street argues that it should not be liable because Reliance, not State Street, was the trustee who enabled the ESOP committee to breach its duties. This does not defeat the claim. Again, Plaintiff alleges that both State Street and Reliance could have plausibly enabled the ESOP committee to breach its duties.

State Street also argues that it is not liable because ERISA precludes a finding of liability against fiduciaries "if such breach was committed before [they] became a fiduciary or after [they] ceased to be a fiduciary." 29 U.S.C. § 1109(b). But the SAC alleges the ESOP committee breached its fiduciary duty when it approved the December 2012 valuation in February 2013 (when State Street was still trustee). The harm may not have occurred until the stock was purchased in June 2013, but that does not mean the breach did not occur earlier. The court finds that Plaintiff plausibly states a claim upon which relief can be granted as to Count 28.

## CONCLUSION

For these reasons, State Street's motion to dismiss (Dkt. No. 296) is **DENIED**. The court lifts the stay of discovery as to State Street.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of January, 2025.

_William C. Griesbach_
William C. Griesbach
United States District Judge