UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

APPVION, INC. RETIREMENT SAVINGS AND
EMPLOYEE STOCK OWNERSHIP PLAN, by
and through Grant Lyon in his capacity as the
ESOP Administrative Committee of Appvion, Inc.,

           **Plaintiff,**

           v.                                            Case No. 18-C-1861

STATE STREET BANK & TRUST COMPANY,
ARGENT TRUST COMPANY, and
RELIANCE TRUST COMPANY,

           **Defendants.**

---

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

---

Grant Lyon commenced this action in his capacity as the sole member of Appvion, Inc.'s Employee Stock Ownership Plan Administrative Committee on behalf of the Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan, alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* In particular, Plaintiff asserts claims for breach fiduciary duty under 29 U.S.C. § 1104, co-fiduciary liability under 29 U.S.C. § 1105, and/or prohibited transactions under 29 U.S.C. § 1106 against Defendants State Street Bank & Trust Company, Argent Trust Company, and Reliance Trust Company. This matter comes before the court on Defendants' motion to strike Plaintiff's jury demand. For the following reasons, the motion will be granted.

The Seventh Amendment sets forth the constitutional basis for the right to a jury trial in federal court: "In Suits at common law, where the value in controversy shall exceed twenty dollars,

the right of trial by jury shall be preserved." U.S. Const. amend. VII; *see also* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."). The United States Supreme Court has understood "Suits at common law" to mean "suits in which *legal* rights were to be ascertained and determined," not suits in which "equitable rights alone were recognized, and equitable remedies were administered." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (internal quotation marks and citation omitted). "The determination of whether a party has a right to jury trial proceeds in two steps: (1) we compare the action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity and (2) we examine the remedy sought and determine whether it is legal or equitable in nature." *Overwell Harvest, Ltd. v. Trading Techs. Int'l, Inc.*, 114 F.4th 852, 860 (7th Cir. 2024) (cleaned up).

Plaintiff does not dispute that the first prong of the inquiry weighs against a jury trial in the ERISA context. Indeed, "[t]he general rule in ERISA cases is that there is no right to a jury trial because 'ERISA's antecedents are equitable,' not legal." *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 576 (7th Cir. 2007) (citation omitted); *see also Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 484 (7th Cir. 2007) (noting that, in ERISA cases, "the plaintiff has no right to a jury trial").

Plaintiff argues that in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court determined that some remedies under ERISA are legal and give rise to a jury trial. Plaintiff asserts that he is seeking legal relief in the form of compensatory damages and that a jury trial is required. But Plaintiff's reliance on *Great-West* is misplaced. In that case, the Supreme Court stated that "restitution is a legal remedy when ordered in a case at law and an equitable remedy when ordered in an equity case, and whether it is legal or equitable depends on

the basis for the plaintiff's claim and the nature of the underlying remedies sought." *Id.* at 213 (cleaned up). The *Great-West* Court did not, however, address the right to a trial by jury. In addition, *Great-West* is distinguishable from the instant case. *Great-West* involved a lawsuit by an insurance company seeking restitution under a contractual indemnity provision for medical payments it had made to the beneficiary. *Id.* at 208. The Court concluded that because the insurance company was seeking to impose personal liability on respondent for a contractual obligation to pay money, it had no claim for equitable relief. *Id.* at 210.

Unlike *Great-West*, Plaintiff is not seeking to recover a contractual right; he is seeking to enforce Defendants' fiduciary duties as mandated by ERISA. Plaintiff seeks an award of money damages against Defendants to make the ESOP whole for the losses caused by Defendants' breaches of fiduciary duty. Thus, the relief sought is equitable in nature. *See Divane v. Nw. Univ.*, 953 F.3d 980, 994 (7th Cir. 2020), *rev'd on other grounds*, 595 U.S. 170 (2022), *and reinstated in relevant part*, 63 F.4th 615, 624 (7th Cir. 2023) ("Because this case involves a suit against a fiduciary for breach of trust, the traditional equitable remedy is surcharge (the requirement to make the beneficiary whole for any losses caused by the breach), not a legal remedy." (citation omitted)).

Both the nature of the claims involved and the equitable remedy sought weigh against finding that Plaintiff is entitled to a jury trial. Therefore, Defendants' motion to strike Plaintiff's jury demand (Dkt. No. 322) is **GRANTED**. The Clerk is directed to convert the January 11, 2027 final pretrial conference to a telephone conference to discuss pretrial matters and to notice the trial set to begin on February 8, 2027 as a trial to the court.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of November, 2025.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　William C. Griesbach
　　　　　　　　　　　　　　　　United States District Judge