APPVION, INC. RETIREMENT SAVINGS AND
EMPLOYEE STOCK OWNERSHIP PLAN, by
and through Grant Lyon in his capacity as the
ESOP Administrative Committee of Appvion, Inc.,

    Plaintiff,

    v.            Case No. 18-C-1861

STATE STREET BANK & TRUST COMPANY,
ARGENT TRUST COMPANY, and
RELIANCE TRUST COMPANY,

    Defendants.

## DECISION AND ORDER DENYING MOTION TO ESTABLISH DUE PROCESS AND FAIRNESS PROTECTIONS RELATED TO SETTLEMENT FUNDS

Grant Lyon commenced this action in his capacity as the sole member of Appvion, Inc.'s Employee Stock Ownership Plan (ESOP) Administrative Committee on behalf of the Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan, alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Altogether, the Amended Complaint asserted 19 counts against eight entities and 51 individuals, including their spouses. Following the court's decision granting Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, Lyon filed a Second Amended Complaint that asserted 37 causes of action against seven entities and 19 individuals. A second motion to dismiss was granted as to all but one of the Defendants, and at Lyon's request, a final judgment was entered pursuant to Federal Rule of Civil Procedure 54(b) so as to allow an immediate appeal. The court's decision was affirmed in part by the Court of Appeals and reversed and remanded in part. What remains at this

time are Lyon's claims for breach fiduciary duty under 29 U.S.C. § 1104, co-fiduciary liability under 29 U.S.C. § 1105, and/or prohibited transactions under 29 U.S.C. § 1106 against Defendants State Street Bank & Trust Company, Argent Trust Company, and Reliance Trust Company.

Defendants learned in discovery that Plaintiff Lyon was in possession of almost $16 million of settlement proceeds obtained from the settlement of claims against other defendants in this case and one of Appvion's pre-bankruptcy accounting firms in a related state court matter. Lyon intended to distribute $10 million of the settlement proceeds to himself, his lawyers, and his expert witnesses. That distribution has already occurred. The case is now before the court on State Street and Argent's Motion to Establish Due Process and Fairness Protections Related to Settlement Funds. In particular, State Street and Argent request that the court enter an order, before the settlement proceeds are distributed, either (1) directing Lyon to submit to the court a detailed procedure to protect the due process interests of the ESOP and its participants or (2) establishing a constructive trust with terms acceptable to the court over the settlement proceeds pending final judgment or other resolution of the case. State Street and Argent request, in the alternative, should the court determine that an interim distribution of the settlement proceeds is appropriate, that disbursement be preceded by procedural safeguards of due process and fairness, such as giving notice to ESOP participants and other stakeholders of the settlement terms and proposed allocation of the settlement proceeds, an opportunity for ESOP participants or other stakeholders to file objections to the planned allocation of settlement proceeds, and a fairness hearing before the court. For the following reasons, the motion will be denied.

## PRELIMINARY MATTERS

Before turning to the merits of State Street and Argent's motion, the court will address the parties' Motions to Restrict. On December 31, 2025, State Street and Argent filed a motion to file

under seal their Motion to Establish Due Process and Fairness Procedures and supporting documentation showing the amount of settlement proceeds and Lyon's proposed allocation because Lyon had designated such information as confidential and "Attorneys' Eyes Only." At the same time, these defendants objected to the designation pursuant to General L.R. 79(d)(4) and argued the information should be available to the public. Lyon subsequently filed his own motion to restrict the settlement amounts.

Documents should only be restricted for good cause. Gen. L.R. 79(d)(3). General Local Rule 79(d)(2) requires movants, to the extent possible, to "include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." Any "motion to seal in accordance with General Local Rule 79(d) should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Gen. L.R. 79, Committee Comment.

The parties' motions seek to restrict public access to State Street and Argent's motion and memorandum in support, Lyon's responses to Argent's second set of interrogatories, and the deposition of Grant Lyon because these documents reference settlement amounts and Lyon's allocation of settlement proceeds, information that Lyon designated as confidential. They have filed redacted versions of these documents. At the same time, State Street and Argent object to the sealing of the settlement amounts and the planned allocation of settlement proceeds. They assert that there is no basis to keep the settlement amounts or Lyon's plan for allocation of settlement funds confidential. Lyon does not object to disclosure of the amounts available for disbursement, and he did not redact that information in his briefing. He argues that the settlement

3

amounts should remain restricted to case participants because the settlement agreements contain confidentiality clauses that constrain Lyon from unilaterally agreeing to disclosure.

In this case, neither settlement was made with court action, nor have they been made part of the record. If a settlement is "made without any court action (approval, disapproval, or approval with modifications . . .), there will rarely be a good reason to require that its terms be made public." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) ("settlement agreements reached without court assistance or intervention will not be treated as 'judicial records' for purposes of the 'right of access' doctrine"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 791 (3d. Cir. 1994)). Here, however, there is sound reason for disclosure of the total amount of the settlement proceeds.

Defendants' motion asks the court to impose due process and fairness protections on Lyon's disbursement of the settlement proceeds. In order to assess whether such protections are called for or whether the proposed disbursement is fair and reasonable, it is not enough to know the amount Lyon has agreed to disburse. Unless one knows the total amount of the proceeds, it is impossible to assess the reasonableness of the disbursements Lyon proposed and now has made. The court's reasoning must be made public if its decisions are to have the respect they require:

> What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

*Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

But there is no need to disclose the source of the settlement proceeds. In other words, to understand the court's reasoning, the public does not have to know which parties settled and how

4

much was paid by them or on their behalf.  It is enough that the total amount of the settlement proceeds and how it is to be disbursed are disclosed.

Accordingly, the motions of Lyon (Dkt. No. 334) and State Street and Argent (Dkt. No. 330) to restrict are partially granted.  The court will restrict access to the source of the funds paid by the settling defendants.  To accomplish this, the clerk is directed to restrict Dkt. Nos. 330, 330-5, 330-6, 330-7, 335, and 335-1.  Dkt. Nos. 329 and 334 may be unsealed.  The court now turns to State Street and Argent's Motion to Establish Due Process and Fairness Protections Related to Settlement Funds.

## BACKGROUND

Appvion was a Wisconsin-based paper company.  The ESOP acquired Appvion's stock in 2001 through a transaction that established the ESOP.  In October 2017, Appvion filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware.  On June 8, 2018, Appvion filed its Second Amended Joint Combined Disclosure Statement and Chapter 11 Plans of Liquidation (the Plan) with the bankruptcy court.  The Plan stated:

> Any Direct ESOP Claim held by the Holders of beneficial interests in the ESOP on account of their beneficial interest in the ESOP will be asserted by the ESOP Committee, in its discretion, on behalf of all Holders of beneficial interests in the ESOP.  Notwithstanding the foregoing, any other party which holds a Direct ESOP Claim may assert such Direct ESOP Claim under applicable law.  Notwithstanding anything to the contrary in this Plan, the ESOP Committee shall retain responsibility, standing, and authority to commence, prosecute and settle lawsuits or actions on behalf of the Holders of beneficial interests in the ESOP.

Dkt. No. 335-2 at 54.  Lyon, as the sole member of the Appvion ESOP Committee, agreed to pursue claims on behalf of the ESOP.  Lyon contracted with the law firm Beus Gilbert PLLC[1] to represent the ESOP.  Beus Gilbert agreed to represent the ESOP on a contingency basis.  In

---

[1] Lyon's current counsel succeeded as counsel after the death of Leo Beus and Beus Gilbert PLLC ceased the practice of law.  Counsel worked on the case from its outset at Beus Gilbert.

5

particular, if any recovery was made on the ESOP's behalf, the ESOP agreed to pay counsel a sum equal to

> 33 1/3% of any and all sums recovered either as a result of trial or by way of settlement of the Matter or any portion thereof after a lawsuit has been instituted; or
>
> 40% of any and all sums recovered if any judgment is appealed, either on behalf of Client or by any adverse party, or if garnishment or any proceeding after judgment is brought to collect the judgment or any portion thereof.

Dkt. No. 330-2 at 3. Beus Gilbert's proposed contingency fee agreement was filed as a supplement to the Plan in Appvion's bankruptcy and presented for the bankruptcy court's approval. Dkt. No. 335-3.

On August 14, 2018, the United States Bankruptcy Court for the District of Delaware confirmed Appvion's Second Amended Joint Combined Disclosure Statement and Chapter 11 Plans of Liquidation (Confirmation Order). *See* Dkt. No. 330-1. As relevant here, the bankruptcy court stated:

> Grant Lyon, in his capacity as an ESOP Committee member, shall have standing to prosecute the ESOP Claims and other ESOP Preserved Claims, may receive compensation of up to the amounts set forth in the formula for chapter 7 trustee compensation in section 326(a) of the Bankruptcy Code, and may be represented by counsel to be compensated on a contingency basis in accordance with the terms of the Retention Agreement with Beus Gilbert PLLC set forth in the Plan Supplement . . . .

Dkt. No. 330-1 at 39–40. The Confirmation Order precluded payment of Lyon or his counsel from the Liquidating Trust or the Liquidating Trust Assets. *Id.*

Lyon initiated this action on November 26, 2018, on behalf of the ESOP and its participants in his fiduciary capacity as the sole member of the ESOP Administrative Committee. Since then, he has settled with the former Appvion director and officer defendants, and the claims against those defendants have been dismissed. Lyon also settled a related case in Wisconsin state court against one of Appvion's prepetition accounting firms. The terms of the settlements are

6

confidential. During his deposition, Lyon stated that he will distribute $500,000 to himself, $7 million to his counsel, and $2.5 million to his experts as their respective fees, consistent with the bankruptcy court's order. Lyon will then distribute the remaining $6 million of the settlement proceeds to the ESOP participants.

Of the 1,597 Appvion shareholders, 1,003 have responded to email communications and had their shares verified against the records Lyon has. This represents 76% of all outstanding shares. Lyon has set up a website to communicate with participants.

## ANALYSIS

State Street and Argent request that the court put in place due process and fundamental fairness protections before Lyon distributes the settlement proceeds. They assert that it is inconsistent with due process and fundamental fairness not to give notice and an opportunity to participants, other ESOP stakeholders, and Defendants to be heard to challenge the reasonableness of the fees before the funds a dissipated.

Lyon contends that his and his counsel's fees are standard and were approved by the bankruptcy court in its Confirmation Order. As an initial matter, State Street and Argent assert that the bankruptcy court lacked jurisdiction to issue any orders regarding the ESOP because the ESOP claims were not assets of the Appvion bankruptcy estate. Lyon does not disagree, but this does not change the fact that he acted in reliance on the bankruptcy court's order in undertaking the prosecution of this case.

The Confirmation Order approved compensation to Lyon of "up to the amounts set forth in the formula for chapter 7 trustee compensation in section 326(a) of the Bankruptcy Code." Dkt. No. 330-1 at 39–40. Under 11 U.S.C. § 326(a), a court may allow reasonable compensation for the trustee's services, "not to exceed 25 percent on the first $5,000 or less, 10 percent on any

7

amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000." Lyon's compensation of a 3% fee is consistent with § 326(a) and allowed under the Confirmation Order. In addition, counsel's fees are consistent with the Legal Representation Agreement approved by the bankruptcy court in the Confirmation Order. Dkt. No. 330-1 at 39–40. Courts have approved a similar contingency fee in other cases. *See, e.g.*, *In re MMA Law Firm, PLLC*, 661 B.R. 548, 563 (Bankr. S.D. Tex. 2024); *Mock v. Grady-White Boats, Inc.*, No. 11-2057, 2013 WL 1879683, at *4 (E.D. La. Apr. 17, 2013).

The Confirmation Order states that it is "binding upon the Debtors, the Liquidating Trust, and all present and former Holders of Claims against and Interests in the Debtors, and their respective Related Persons, regardless of whether any such Holder of a Claim or Interest voted or failed to vote to accept or reject the Plan and regardless of whether any such Holder of a Claim or Interest is entitled to receive any Distribution under the Plan." Dkt. No. 330-1 at 21. Lyon contends that because his and his counsel's compensation were expressly authorized by the bankruptcy court and any holder of a claim or interest are bound by the Confirmation Order, any objections are barred by *res judicata*.

But if the bankruptcy court did not have jurisdiction over the action Lyon brought in his capacity as the ESOP Administrative Committee, its order is not *res judicata*. As State Street and Argent argue, the Confirmation Order is not binding on Defendants or absent Appvion ESOP participants who were excluded from participating in the confirmation process and never received pre-confirmation notice of the fee arrangements.

State Street and Argent assert that the court has authority to order due process and fairness protections here. They argue that these protections are required to ensure the finality of the

settlements and any final judgment. But the issue would seem to be moot, since the disbursements have already been made. In any event, no statute or rule requires or allows this court to impose due process protections. Indeed, because this is not a class action or a derivative claim, Federal Rule of Civil Rule of Civil Procedure 23 and 23.1 do not apply, and the Bankruptcy Code does not require court approval of settlements or payment of fees.

Although State Street and Argent cite to cases where courts in ERISA matters have exercised their discretion to impose procedural protections, those cases are distinguishable from the case at hand. In those cases, the case was brought by an ESOP participant acting in a representative capacity. *See Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006); *Fish v. Greatbanc Tr. Co.*, 667 F. Supp. 2d 949 (N.D. Ill. 2009); *Koerner v. Copenhaver*, No. 12-1091, 2014 WL 5544051 (C.D. Ill. Nov. 3, 2014); *Abbott v. Lockheed Martin Corp.*, No. 06-cv-701, 2010 WL 547172 (S.D. Ill. Feb. 10, 2010); *Brundle v. Wilmington Tr., N.A.*, 258 F. Supp. 3d 647 (E.D. Va. 2023). Here, Lyon is bringing the case in his capacity as the ESOP Administrative Committee of Appvion. Through the website he has set up, he is keeping the participants informed of the progress of the case. As a plan fiduciary, Lyon has an "exclusive duty of loyalty . . . to act solely in the interest of ERISA beneficiaries." *Halperin v. Richards*, 7 F.4th 534, 545 (7th Cir. 2021). If he fails to do so, the participants have the same remedy against him that he is pursuing on their behalf against the defendants. But that would be a separate case. State Street and Argent have not established that the court has the authority or duty to require additional due process and fairness protections in this case.

Finally, the court notes that neither State Street nor Argent have been found liable in this case. Should they be found liable at trial and seek an offset against any damages or attorneys' fees

they are ordered to pay for any amounts already paid by settling co-defendants, they are free to raise the issue at that time.

## CONCLUSION

For these reasons, State Street and Argent's Motion to Establish Due Process and Fairness Protections Related to Settlement Funds (Dkt. No. 330) is **DENIED**.  The motions of Lyon (Dkt. No. 334) and State Street and Argent (Dkt. No. 329) to restrict are **GRANTED-IN-PART** and **DENIED-IN-PART**.  The motions are denied as to the total settlement amount and disbursements made to participants and in payment of fees.  The motions are granted as to the disclosure of the source of the settlement proceeds and the amounts received therefrom.  The clerk is directed to restrict access to Dkt. Nos. 330, 330-5, 330-6, 330-7, 335, and 335-1.  Dkt. Nos. 329 and 334 are to be unsealed.

**SO ORDERED** at Green Bay, Wisconsin this <u>4th</u> day of June, 2026.

William C. Griesbach
United States District Judge