**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**APPVION INC. RETIREMENT SAVINGS AND EMPLOYEE STOCK OWNERSHIP PLAN, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion Inc.,**

**Plaintiff,**

**v.** **Case No. 18-C-1861**

**STATE STREET BANK & TRUST COMPANY, et al.,**

**Defendants.**

---

**ORDER GRANTING DEFENDANTS' CIVIL L. R. 7(h) MOTION TO COMPEL**

---

Defendants filed a motion to compel production of draft reports by Plaintiff's expert witness Christian Tregillis. Dana Messina, another expert witness for Plaintiff, considered Tregillis' draft reports when preparing his own expert report. Defendants contend that Plaintiff is required to produce Tregillis' draft reports considered by Messina under Federal Rule of Civil Procedure 26(a)(2)(B)(ii), which requires an expert witness to provide a written report containing "the facts or data considered by the witness in forming [the expert witness' opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). Plaintiff argues that the draft reports are protected under Rule 26(b)(4)(B), which protects "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B). For the reasons that follow, Defendants' motion will be granted.

Rule 26(a)(2) governs disclosure of expert testimony. Subsection (B) of the Rule requires an expert retained specially to provide expert testimony to submit a written report that contains not only "a complete statement of all opinions the witness will express and the basis and reasons for

them," but also "the facts or data *considered* by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii) (emphasis added). "The term 'considered' is broader than the term 'relied upon.'" *Johnson v. City of Rockford*, No. 15 CV 50064, 2018 WL 1508482, at *2 (N.D. Ill. 2018) (citing *Pertile v. Gen. Motors, LLC*, No. 15 CV 518, 2017 WL 3767780, at *7 (D. Colo. Aug. 31, 2017)). The Seventh Circuit has explained the difference in emphasizing the need for total disclosure:

> The rule does not require merely that the party disclose data that it happens to have retained; it must disclose all the data that an expert that it retained to testify at trial "considered," implying that it must retain those data, as otherwise it could not disclose them. *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 288–89 (E.D. Va. 2001). A testifying expert must disclose and therefore retain whatever materials are given him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination. Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a)(2); *Karn v. Ingersoll–Rand Co.*, 168 F.R.D. 633 (N.D. Ind. 1996).

*Fidelity Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005). The 1993 Advisory Committee Note to this section states:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

In this case, Plaintiff disclosed reports from two experts pursuant to Rule 26(a)(2)(B): Tregillis and Messina. Messina wrote in his report that "[f]or purposes of quantifying damages, I adopt Tregillis's valuations." Messina Dep., Dkt. No. 354-1 at 35:04–05. During his expert deposition, Messina testified that he received, considered, and cited a draft or drafts of Tregillis's expert report in forming his own opinions. *Id.* at 37:12–15 ("Q. And the drafts are what you relied upon, not the final? A. Yes. I didn't see the final until after the deadline."). Thus, the draft reports

of Tregillis that were provided to Messina would seem to fall within the materials that should have been provided to Defendants under Rule 26(a)(2)(B)(ii).

Plaintiff contends that Tregillis's draft reports are not discoverable under Rule 26(b)(4)(B). That subsection of the Rule, Plaintiff notes, explicitly "protect[s] drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." But Plaintiff waived the protection afforded by Rule 26(b)(4)(B) when it provided Tregillis's draft report or reports to Messina. In *Valero Marketing & Supply Co. v. Southcap Pipeline Co.*, No. 3:06-cv-623 DGW, 2009 WL 102437 (S.D. Ill. Jan. 15, 2009), the court held that documents created by non-testifying consultants who were hired in anticipation of litigation were discoverable once they were produced to a testifying expert. *Id.* at *2 ("To the extent that the 12 disputed documents have been disclosed to the testifying expert Defendant has waived the protections of Rule 26."). The court reached this conclusion despite the fact that the same Rule provides that ordinarily, absent exceptional circumstances, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D); *see also Eliasen v. Hamilton*, 111 F.R.D. 396, 401 (N.D. Ill. 1986) (limiting discovery to plaintiff's non-testifying expert report after it was shared with testifying expert); *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. Partnership*, 154 F.R.D. 202, 209 n.11 (N.D. Ind. 1993) (noting that "[i]f Pure Air's testifying expert later reads and relies on the Packer report, it may then have to be produced.").

The same logic applies to draft reports of one testifying expert, which are considered by another testifying expert. Like non-testifying expert reports, draft reports are specifically protected from disclosure under Rule 26(b)(4). But like non-testifying expert reports, draft reports lose

protection when considered by another expert in forming their opinions. To hold otherwise would prevent the opposing party from fully exploring and cross-examining the basis of the expert's opinion contrary to the purpose underlying Rule 26(a)(2)(B)(ii). If a party wishes to preserve the protection Rule 26(b)(4)(B) provides to an expert's draft report, the party should not provide such reports to other experts. Having asked, or at least allowed, Messina to consider Tregillis's draft report or reports, Plaintiff cannot shield it from Defendants.

**IT IS THEREFORE ORDERED** that Defendants' motion to compel (Dkt. No. 354) is **GRANTED**. Because it finds Plaintiff's objection substantially justified, the Court declines to order payment of movants' reasonable expenses and attorneys' fees. Defendants' motion for leave to file a reply (Dkt. No. 358) is also **GRANTED**. The Clerk is directed to detach and e-file Defendants' proposed reply (Dkt. No. 358-1).

Dated at Green Bay, Wisconsin this 29th day of September, 2026.

William C. Griesbach
United States District Judge